[No. C030654. Third Dist. Feb. 23, 1999.]

THE PEOPLE, Plaintiff and Appellant, v.
ONE 1986 CADILLAC DEVILLE, LICENSE NO. 3DMS745, Defendant;
FRANCISCO J. SANDOVAL, Defendant and Respondent.

[No. C030655. Third Dist. Feb. 23, 1999.]

THE PEOPLE, Plaintiff and Appellant, v.
ONE 1984 MERCEDES 190E, LICENSE NO. 1HYY136, Defendant;
CATHLEEN M. BROWN, Defendant and Respondent.

**COUNSEL**

John D. Phillips, District Attorney, and Phillip R. Urie, Deputy District Attorney, for Plaintiff and Appellant.

Jose R. Rodriguez for Defendant and Respondent Francisco J. Sandoval.

Gibson & Gibson and Richard Gibson, Jr., for Defendant and Respondent Cathleen M. Brown.

**OPINION**

**BLEASE, Acting P. J.**—These are consolidated cases within the original jurisdiction of the municipal courts, which were transferred to this court after certification by the superior court. (Code Civ. Proc., § 911.) In each

case the District Attorney of San Joaquin County appeals from a judgment denying a petition for forfeiture of a motor vehicle. (Veh. Code, § 14607.6.)[1]

Under section 14607.6 a motor vehicle is "subject to forfeiture" and may be impounded if driven on a highway by a registered owner who lacks a valid driver's license and who previously has been convicted of driving without a license. The trial court denied the petitions for forfeiture on a showing each driver had obtained a valid license after impoundment of the vehicle. The district attorney contends the trial court was without discretion to deny a petition for forfeiture in these circumstances.

We will conclude the trial court had discretion and affirm the judgments.

### Facts and Procedural Background

The pertinent facts are few and are the same for each respondent. The driver, a registered owner of the vehicle, was stopped for exceeding the speed limit, failed to produce a valid driver's license and the vehicle was impounded. The driver previously had been convicted of driving with knowledge that his or her driving privilege had been suspended. The driver presented to the municipal court a valid driver's license issued after impoundment of the vehicle.

In each case the municipal court denied the petition for forfeiture and directed the vehicle be returned to the respondent upon satisfaction of prescribed conditions. The district attorney appealed the judgments to the appellate division of the superior court, which issued opinions affirming them and, on the application of the People, issued an order certifying the need for transfer of the cases to this court.

We ordered the cases transferred to this court.

### Discussion

The sole pertinent contention is that the trial court has no discretion to deny a petition for forfeiture if the vehicle is subject to forfeiture under section 14607.6, subdivision (a).[2]

The appellate division of the superior court reasoned that the statutory phrase "subject to forfeiture" connotes the court has discretion to determine

---

[1] References to a section are to the Vehicle Code unless otherwise indicated. Section 14607.6, in pertinent part, is set forth at footnotes 2-6, *post*.

[2] Section 14607.6, subdivision (a) is as follows.

"(a) Notwithstanding any other provision of law, and except as provided in this section, a motor vehicle is subject to forfeiture as a nuisance if it is driven on a highway in this state by a driver with a suspended or revoked license, or by an unlicensed driver, who is a registered

whether to deny a forfeiture, citing *U.S.* v. *One Bell Jet Ranger II Helicopter* (9th Cir. 1991) 943 F.2d 1121. We find the reasoning persuasive.

The issue is the construction of section 14607.6. We commence with the text and draw inferences concerning meaning from its composition and structure. (See, e.g., *Nunez* v. *Superior Court* (1983) 143 Cal.App.3d 476, 480 [191 Cal.Rptr. 893].) We first note that to say that property is "*subject* to forfeiture" is less stringent than to say it *shall* be forfeited. (See generally, e.g., *United States* v. *Kaiyo Maru No. 53* (9th Cir. 1983) 699 F.2d 989, 1000, fn. 34 [federal fishery act required forfeiture of fish illegally taken, however: " 'The vessel itself continues to be merely "subject to forfeiture" ' "]; *Lapica* v. *Eighth Judicial Dist. Court, etc.* (1981) 97 Nev. 86 [624 P.2d 1003, 1004] [premature filing made "subject to dismissal" meant dismissal was assigned to judicial discretion].) To say that property is "subject to" forfeiture admits the possibility it may not be forfeited even though the conditions necessary to "subject" the property to forfeiture are met.

Thus, in *U.S.* v. *One Bell Jet Ranger II Helicopter, supra,* 943 F.2d at page 1126, the federal court of appeals read "subject to forfeiture" in the federal Airborne Hunting Act (16 U.S.C. § 742j-1) as meaning "the imposition of forfeiture by the court is discretionary," even though the conditions rendering the aircraft at issue "subject to forfeiture" were met. This reading is consistent with the rule that in construing a statute imposing a forfeiture, ambiguity should be resolved against forfeiture. (See, e.g., *People* v. *One 1937 Lincoln etc. Sedan* (1945) 26 Cal.2d 736, 738 [160 P.2d 769]; 3 Sutherland, Statutory Construction (5th ed. 1992) §§ 59.01-59.02, pp. 91-98.)

The district attorney forthrightly acknowledges that California case law follows this rule but submits it is "dated jurisprudence" in light of United States Supreme Court opinions, e.g., *United States* v. *Monsanto* (1989) 491 U.S. 600 [109 S.Ct. 2657, 105 L.Ed.2d 512]. However, in each of these opinions, the Supreme Court first determined there was no ambiguity in the statutory language. In *Monsanto* the court expressly acknowledged that general canons of statutory construction are to be used when statutory language is ambiguous. (491 U.S. at p. 611 [109 S.Ct. at p. 2664, 105 L.Ed.2d at p. 524.)

If an ostensible textual ambiguity is dispelled by a demonstration the candidate reading is untenable, there is no ambiguity to be resolved and the

owner of the vehicle at the time of impoundment and has a previous misdemeanor conviction for a violation of subdivision (a) of Section 12500 or Section 14601, 14601.1, 14601.2, 14601.3, 14601.4, or 14601.5."

rule for resolution of an ambiguity has no application. (See, e.g., *People* v. *Irwin* (1984) 155 Cal.App.3d 891, 897 [202 Cal.Rptr. 475].) In these cases it has not been shown the application of the phrase "subject to forfeiture" is unambiguous. Moreover, as appears, other provisions of section 14607.6 reinforce the view it confers judicial discretion to deny forfeiture, notwithstanding the vehicle is "subject to forfeiture" because the criteria of subdivision (a) of the statute were met.

The ambiguity of "subject to forfeiture" could be dispelled by additional statutory language which requires forfeiture upon proof of certain criteria at the forfeiture hearing. (Cf., e.g., Health & Saf. Code, §§ 11470 [interest in a vehicle used to facilitate certain drug offenses is subject to forfeiture], 11488.5, subd. (d)(2) ["[f]orfeiture shall be ordered when . . . the state [has met its burden of proof the owner has consented to the use of the property as a container for drugs and] the assets . . . [otherwise] are subject to forfeiture pursuant to Section 11470 . . . ."].) However, section 14607.6 has no such mandatory forfeiture provision.[3]

■ The district attorney suggests the ambiguity should be resolved in favor of mandatory forfeiture under the maxim "*expressio unius est exclusio alterius.*" He notes that section 14607.6, subdivision (d)(1), requires the impounding agency to release the vehicle if the registered owner presents his or her valid driver's license to the agency within three days of the impounding.[4] He argues that since the statute provides one opportunity for the unlicensed driver to cure the circumstances rendering the vehicle subject to forfeiture, the court should infer that any other opportunity, i.e., at the forfeiture hearing under the rubric of discretion to deny forfeiture, was meant to be excluded.

The maxim must be applied cautiously. It suffices to say that, as a rule for the resolution of ambiguity, the maxim is subordinate to the canon that

---

[3]Section 14607.6, subdivision (e)(5), in pertinent part, is as follows.

"(5) The burden of proof in the civil case shall be on the prosecuting agency, by a preponderance of the evidence. All questions that may arise shall be decided and all other proceedings shall be conducted as in an ordinary civil action. A judgment of forfeiture does not require as a condition precedent the conviction of a defendant of an offense which made the vehicle subject to forfeiture."

[4]Section 14607.6, subdivision (d)(1), in pertinent part, is as follows.

"[I]f the driver of a vehicle impounded pursuant to subdivision (c) was a registered owner of the vehicle at the time of impoundment, the impounding agency shall authorize release of the vehicle if, within three days of impoundment, the driver of the vehicle at the time of impoundment presents his or her valid driver's license, including a valid temporary California driver's license or permit, to the impounding agency. The vehicle shall then be released to a registered owner of record at the time of impoundment, or an agent of that owner authorized in writing, upon payment of towing and storage charges related to the impoundment, and any administrative charges authorized by Section 22850.5, providing that the person claiming the vehicle is properly licensed and the vehicle is properly registered."

ambiguity should be resolved in favor of the party opposing the application of a statute, such as a forfeiture statute, which is penal in nature. (See, e.g., 2A Sutherland, Statutory Construction, *supra,* § 47.25, pp. 234-235.)

■■■ Indeed section 14607.6, subdivision (d)(1), supports the view the court has discretion to allow a driver to cure his unlicensed status. As is implicit in the district attorney's argument, the subdivision permits the driver to avoid forfeiture, even though the vehicle is subject to forfeiture, by clearing the invalidation of the driver's license after the vehicle has been impounded. This demonstrates that a cure of the condition after the impounding of the vehicle is not inconsistent with the policy of the statute.

Nor can we say the failure to avail oneself of the right to redeem the vehicle provided under section 14607.6, subdivision (d)(1), categorically demonstrates a lack of diligence which forecloses later relief in the forfeiture proceedings. The period for administrative redemption (three days) is exceedingly short and the statute makes no provision that drivers be notified of the right of administrative redemption.

The implicit policy of the statute to permit a cure is also consistent with the statute's characterization of the problem it addresses: the vehicle driven by an unlicensed driver is "subject to forfeiture *as a nuisance* . . . ." (§ 14607.6, subd. (a), italics added.) In general, the remedy for nuisance is abatement. (See, e.g., 11 Witkin, Summary of Cal. Law (9th ed. 1990) Equity, § 141, p. 823.) If the driver becomes licensed, the nuisance is, in effect, abated.

The district attorney suggests the purpose of the forfeiture proceeding is to permit the claimant "to put the People to its proof" that the criteria of "subject to forfeiture" are met. However, the evidence to prove those criteria consists in essential part of matters of public record, and, if these records show the criteria were not met, subdivision (c)(5) of section 14607.6 provides for summary release of the vehicle without the necessity of court proceedings.[5]

The district attorney argues that discretion to deny forfeiture is inconsistent with a purpose of the statute, to deter those convicted of a public offense

[5]Section 14607.6, subdivision (c)(5), is as follows.

"(5) If the driver of a vehicle impounded pursuant to this subdivision was not a registered owner of the vehicle at the time of impoundment, or if the driver of the vehicle was a registered owner of the vehicle at the time of impoundment but the driver does not have a previous conviction for a violation of subdivision (a) of Section 12500 or Section 14601, 14601.1, 14601.2, 14601.3, 14601.4, or 14601.5, the vehicle shall be released pursuant to this code and is not subject to forfeiture."

involving driving without a license from driving with an invalid license. The argument is unpersuasive. Regardless of the possibility of avoiding forfeiture, there is a significant deterrent in the costs and inconvenience inherent in impoundment and retention of the vehicle and participation in litigation to retrieve it. Moreover, there is no assurance the court will exercise its discretion to return the vehicle in any particular case. Mitigating or aggravating factors may bear on the decision, e.g., whether the driver knew the license was invalid. None of these factors are at issue in this case. The sole question concerns the existence of discretion vel non; no claim of abuse of discretion has been tendered.

The district attorney also argues that reading the statute to confer discretion to deny forfeiture is unfair because, under section 14607.6, subdivision (e)(4), an impounding agency that properly impounds the vehicle must nonetheless reimburse the filing fee of the claimant who prevails in the foreclosure proceeding.[6]

We imply no view on the question whether the court might condition the exercise of discretion upon a waiver of such reimbursement. No such request was made in these cases. We will assume for the sake of discussion that one who avoids forfeiture must be viewed in all cases as the prevailing party and must be reimbursed for the filing fee. The prospect of this incidental cost, attendant to ordinary litigation, is not sufficiently grave to warrant a reading of the statute which forecloses the exercise of judicial discretion.

For all the foregoing reasons, we conclude the trial court has discretion to deny forfeiture under section 14607.6, even though the vehicle is "subject to forfeiture."

DISPOSITION

The judgments are affirmed.

Davis, J., and Hull, J., concurred.

---

[6]Section 14607.6, subdivision (e)(4), in pertinent part is as follows.

"(4) If a claim is timely filed and served, then the district attorney shall file a petition of forfeiture with the appropriate . . . court within 10 days of the receipt of the claim. . . . The court filing fee, not to exceed fifty dollars ($50), shall be paid by the claimant, but shall be reimbursed by the impounding agency if the claimant prevails."