**COMMONWEALTH of Kentucky, Appellant,**

v.

**Amanda SHIRLEY, Appellee.**

No. 2003–CA–000689–MR.

Court of Appeals of Kentucky.

July 2, 2004.

A.B. Chandler III, Attorney General, Teresa Young, Special Assistant Attorney General, Louisville, KY, for Appellant.

Michael B. Roney, Bart Adams & Associates, Louisville, KY, for Appellee.

Before GUIDUGLI, JOHNSON, and MINTON, Judges.

*OPINION*

MINTON, Judge.

In this forfeiture case, the circuit court held that it had discretion to determine whether or not to order the forfeiture of Amanda Shirley's automobile. Exercising that discretion, the court held that forfeiture was not appropriate in Shirley's case.

In the underlying criminal action, Shirley pled guilty to one count of trafficking in a controlled substance in the first degree, one count of illegal possession of drug paraphernalia, and one count of prescription drugs not in the original container. The charges stemmed from a transaction that occurred in Shirley's Nissan Maxima, albeit without her presence. Rather, the drug transaction involved her cohabitating boyfriend, Marcus Woods, and another male. The Commonwealth's theory, as borne out by Shirley's guilty plea, was that she was fully aware that her vehicle was being used by Woods to traffic drugs.

The plea agreement reached between Shirley and the Commonwealth provided for the forfeiture of various items of per-

sonal property seized at the time of Shirley's arrest; however, it was silent regarding forfeiture of the vehicle. The Commonwealth expressed its intent to seek forfeiture of the vehicle, which Shirley opposed.

At the sentencing hearing, the court sentenced Shirley to a period of probation. The court refused to forfeit the vehicle, holding that it had discretion regarding whether to order forfeiture and that, in this instance, forfeiture is inappropriate.

The Commonwealth appeals from the circuit court's refusal to forfeit the vehicle and presents two different arguments in support thereof. Its first argument is that forfeiture is mandatory, leaving the circuit court with no discretion to refuse forfeiture. Its second argument is that even if forfeiture is discretionary, in this instance, the circuit court abused that discretion by limiting the Commonwealth's proof.

■ Following sentencing, the circuit court stated that it would not forfeit Shirley's vehicle. The Commonwealth argues that it was improper for the circuit court to refuse to allow it to present additional evidence or argument regarding the forfeiture. However, the Commonwealth has not pointed to any additional evidence that needed to be presented, or for that matter, any evidence whatsoever which was not already part of the record. In fact, pursuant to the plea agreement and pre-sentence investigation report, the circuit court had before it all the facts relevant to Shirley's case. As such, we are unable to discern any prejudice suffered by the Commonwealth. Any error in failing to hold a separate "forfeiture hearing" was harmless.[1]

■ Turning to the Commonwealth's main argument, we are called upon to determine whether the statutory forfeiture provisions contained in Kentucky Revised Statutes (KRS) 218A contemplate a discretionary decision by the circuit court regarding forfeiture. This determination hinges on an interpretation of KRS 218A.410, which provides:

(1) The following are subject to forfeiture:

(a) Controlled substances listed in Schedule I that are possessed, transferred, sold, or offered for sale in violation of this chapter are contraband and shall be seized and summarily forfeited to the state.

(b) Controlled substances listed in Schedule I, which are seized or come into the possession of the state, the owners of which are unknown, are contraband and shall be summarily forfeited to the state.

(c) Species of plants from which controlled substances in Schedules I and II may be derived which have been planted or cultivated in violation of this chapter, or of which the owners or cultivators are unknown, or which are wild growths, may be seized and summarily destroyed or forfeited to the state. The failure, upon demand by the law enforcement agency or its authorized agent, of the person in occupancy or in control of land or premises upon which the species of plants are growing or being stored, to produce an appropriate registration, or proof that he is the holder thereof, constitutes authority for the seizure and forfeiture of the plants.

1. Ky. R.Crim. P. (RCr) 9.24. However, this analysis assumes there was error. The Commonwealth has not pointed us to any authority which would require the circuit court to hold a distinct "forfeiture hearing" in this instance, other than its argument that forfeiture is mandatory in all circumstances.

(d) All substances, machinery, or devices used for the manufacture, packaging, repackaging, or marking, and books, papers, and records, and all vehicles owned and used by the seller or distributor for the manufacture, distribution, sale, or transfer of substances in violation of KRS 218A.350 shall be seized and forfeited to the state. Substances manufactured, held, or distributed in violation of KRS 218A.350 shall be deemed contraband.

(e) All controlled substances which have been manufactured, distributed, dispensed, possessed, being held, or acquired in violation of this chapter.

(f) All raw materials, products, and equipment of any kind which are used, or intended for use, in manufacturing, compounding, processing, delivering, importing, or exporting any controlled substance in violation of this chapter.

(g) All property which is used, or intended for use, as a container for property described in paragraph (e) or (f) of this subsection.

(h) All conveyances, including aircraft, vehicles, or vessels, which are used, or intended for use, to transport, or in any manner to facilitate the transportation, for the purpose of sale or receipt of property described in paragraph (e) or (f) of this subsection, but:

1. No conveyance used by any person as a common carrier in the transaction of business as a common carrier is subject to forfeiture under this section unless it is proven beyond a reasonable doubt that the owner or other person in charge of the conveyance is a consenting party or privy to a violation of this chapter;

2. No conveyance is subject to forfeiture under this section by reason of any act or omission established by the owner thereof to have been committed or omitted without his knowledge or consent;

3. A forfeiture of a conveyance encumbered by a bona fide security interest is subject to the interest of the secured party if he neither had knowledge of nor consented to the act or omission;

4. The forfeiture provisions of this paragraph shall not apply to any misdemeanor offense relating to marijuana.

(i) All books, records, and research products and materials, including formulas, microfilm, tapes, and data which are used, or intended for use, in violation of this chapter.

(j) Everything of value furnished, or intended to be furnished, in exchange for a controlled substance in violation of this chapter, all proceeds, including real and personal property, traceable to the exchange, and all moneys, negotiable instruments, and securities used, or intended to be used, to facilitate any violation of this chapter; except that no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by him to have been committed or omitted without his knowledge or consent. It shall be a rebuttable presumption that all moneys, coin, and currency found in close proximity to controlled substances, to drug manufacturing or distributing paraphernalia, or to records of the importation, manufacture, or distribution of controlled substances, are presumed to be forfeitable under this paragraph. The burden of proof shall be upon claimants of personal property to rebut this

presumption by clear and convincing evidence. The burden of proof shall be upon the law enforcement agency to prove by clear and convincing evidence that real property is forfeitable under this paragraph.

(k) All real property, including any right, title, and interest in the whole of any lot or tract of land and any appurtenances or improvements, which is used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this chapter excluding any misdemeanor offense relating to marijuana, except that property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by the Commonwealth to have been committed or omitted with the knowledge or consent of the owner.

(2) Title to all property, including all interests in the property, forfeit under this section vests in the Commonwealth on the commission of the act or omission giving rise to forfeiture under this section together with the proceeds of the property after the time. Any property or proceeds subsequently transferred to any person shall be subject to forfeiture and thereafter shall be ordered forfeited, unless the transferee establishes in the forfeiture proceeding that he is a subsequent bona fide purchaser for value without actual or constructive notice of the act or omission giving rise to the forfeiture.

(3) If any of the property described in this section cannot be located; has been transferred to, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value by any act or omission of the defendant; or, has been commingled with any property which cannot be divided without difficulty, the court shall order the forfeiture of any other property of the defendant up to the value of any property subject to forfeiture under this section.

The Commonwealth asserts that once an item, like Shirley's auto, is "subject to forfeiture," the circuit court is compelled to forfeit the vehicle once the Commonwealth satisfies its initial burden of establishing the forfeitability of the item, provided the claimant does not succeed in establishing an affirmative defense.[2] However, Shirley argues that the language of KRS 218A.410 differs depending on the relevant subsection. Subsection (1)(h), applicable to Shirley's vehicle, states only that the item is "subject to forfeiture." However, other subsections, such as (1)(d), provide that certain items are "subject to forfeiture" and "shall be seized and forfeited to the state." Shirley argues that the additional language is necessary to make forfeiture mandatory, whereas stating only that an item is "subject to forfeiture" necessarily implies an element of discretion in determining whether to forfeit the item.

We have found several cases in which courts in other jurisdictions have been called upon to interpret similar statutory language. We find *People v. One 1986 Cadillac Deville*[3] most instructive. In that case, the Court interpreted Section 14607.6 of the California Vehicle Code, which provides in relevant part:

(a) Notwithstanding any other provision of law, and except as provided in this section, a motor vehicle is subject to forfeiture as a nuisance if it is driven on

2. See *Hinkle v. Commonwealth*, Ky.App., 104 S.W.3d 778 (2002).

3. 70 Cal.App.4th 157, 82 Cal.Rptr.2d 509 (1999).

a highway in this state by a driver with a suspended or revoked license, or by an unlicensed driver, who is a registered owner of the vehicle at the time of impoundment and has a previous misdemeanor conviction for a violation of subdivision (a) of Section 12500 or Section 14601, 14601.1, 14601.2, 14601.3, 14601.4, or 14601.5.

The question before the California Court was whether the phrase "subject to forfeiture" connoted that the trial court has discretion to deny a forfeiture. The Court's reasoning was as follows:

We first note that to say that property is "*subject* to forfeiture" is less stringent than to say it *shall* be forfeited. (*See generally, e.g., United States v. Kaiyo Maru No. 53* (9th Cir.1983) 699 F.2d 989, 1000, fn. 34, [federal fishery act required forfeiture of fish illegally taken, however: "The vessel itself continues to be merely 'subject to forfeiture'"]; *Lapica v. Eighth Judicial District Court* (1981) 97 Nev. 86, 624 P.2d 1003, [premature filing made "subject to dismissal" meant dismissal was assigned to judicial discretion.]) To say that property is "subject to" forfeiture admits the possibility it may not be forfeited even though the conditions necessary to "subject" the property to forfeiture are met.

Thus, in *United States v. One Bell Jet Ranger II Helicopter*, [943 F.2d 1121, 1126 (9th Cir.1991)], the federal court of appeals read "subject to forfeiture" in the federal Airborne Hunting Act (16 U.S.C. § 742j-l) as meaning "the imposition of forfeiture by the court is discretionary," even though the conditions rendering the aircraft at issue "subject to forfeiture" were met. This reading is consistent with the rule that in construing a statute imposing a forfeiture, ambiguity should be resolved against forfeiture. (*See, e.g., People v. One 1937*

*Lincoln Zephyr Sedan* (1945) 26 Cal.2d 736, 738, 160 P.2d 769; 3 Sutherland, Statutory Construction (5th ed.1992) §§ 59.01–59.02, pp. 91–98.)

The district attorney forthrightly acknowledges that California case law follows this rule but submits it is "dated jurisprudence" in light of United States Supreme Court opinions, e.g., *United States v. Monsanto* [,] (1989) 491 U.S. 600, 109 S.Ct. 2657, 105 L.Ed.2d 512. However, in each of these opinions, the Supreme Court first determined there was no ambiguity in the statutory language. In *Monsanto* [,] the court expressly acknowledged that general canons of statutory construction are to be used when statutory language is ambiguous. (491 U.S. at p. 611, 109 S.Ct. at p. 2664, 105 L.Ed.2d at p. 524.)

. . . .

The ambiguity of "subject to forfeiture" could be dispelled by additional statutory language which requires forfeiture upon proof of certain criteria at the forfeiture hearing. (Compare, e.g., Health & Saf.Code § 11470, interest in a vehicle used to facilitate certain drug offenses is subject to forfeiture; Health & Saf.Code § 11488.5, subd. (d)(2) "[f]orfeiture shall be ordered when ... the state [has met its burden of proof the owner has consented to the use of the property as a container for drugs and] the assets ... [otherwise] are subject to forfeiture pursuant to Section 11470 ....") However, Section 14607.6 has no such mandatory forfeiture provision.[ ] [4]

Like the California Court, we see a distinction between statutory language describing property as being "subject to forfeiture" and language stating the property "shall be forfeited." This position is echoed by other courts in other jurisdictions when they have been faced with the same

---

**4.** *Id.,* 70 Cal.App.4th at 160–161, 82 Cal. Rptr.2d at 510–511.

distinction in statutory language.[5] Had the Kentucky General Assembly intended to make forfeiture of vehicles such as Shirley's mandatory under KRS 218A.410(h), it would simply have included mandatory language such as that found in KRS 218A.410(d). As the Commonwealth correctly notes in its argument, we may not add or subtract words to a statute but must interpret it as written.[6] KRS 218A.410 is written in such a way as to treat differently property which has become subject to forfeiture for different reasons. Contrary to the Commonwealth's assertion, we do not see such differing policy choices as "nonsensical."

Therefore, we hold that those sections of KRS 218A.410 which describe property as "subject to forfeiture" allow for an exercise of discretion by the circuit court in determining whether to order the property forfeited, while no discretion is allowed under those subsections of the statute which provide that the property "shall be forfeited." This result is in accordance with *Commonwealth v. Fint,*[7] which relied on mandatory language in KRS 514.130(1), which provides that property used in the commission of an offense under KRS Chapter 514 "shall be forfeited."

We have already addressed the Commonwealth's contention that the circuit court abused its discretion by denying forfeiture. Its argument is that it should have been allowed an additional hearing to present additional evidence but fails to explain what that evidence is. Other than repeating its position that forfeiture is mandatory, the Commonwealth has not explained to us how it was an abuse of discretion for the circuit court to deny forfeiture of the vehicle used in an offense for which Shirley received five years' probation. Given the circuit court's understanding of the sentencing options appropriate in Shirley's case, as manifested by its ultimate decision to probate her, we cannot say it was an abuse of discretion not to order her vehicle forfeited.[8]

Accordingly, we hold that forfeiture under the statutory subsection involved in this case retains an element of discretion on the part of the circuit court in deciding whether to order the property forfeited. Furthermore, the court did not abuse that discretion in this case. Its judgment denying forfeiture is affirmed.

ALL CONCUR.

---

**5.** *See, e.g., United States v. Investment Enterprises, Inc.,* 10 F.3d 263 (5th Cir.1993) (holding that under 18 U.S.C. § 1467(a)(3), district court retains discretion whether to order forfeiture of unindicted videos used to promote obscene items, after having first found the unindicted videos "subject to forfeiture"); *Carlisle v. Ten Thousand Four Hundred Forty–Seven Dollars in United States Currency,* 104 Hawai'i 323, 89 P.3d 823, fn. 16 (2004) (holding that once the circuit court found the proceeds of illegal gambling activities "subject to forfeiture," it then had discretion as to whether to order that property forfeited); *City of Worthington Police Department v. One 1988 Chevrolet Berreta,* 516 N.W.2d 581 (Minn.App. 1994) (explaining that Minnesota courts always have discretion whether to order forfei-

ture of property statutorily subject to forfeiture).

**6.** *Commonwealth v. Frodge,* Ky., 962 S.W.2d 864 (1998).

**7.** Ky., 940 S.W.2d 896 (1997).

**8.** We note there is a question regarding whether probation was legally available in Shirley's case given that the sentence in this action was ordered to run consecutively to another sentence. However, the Commonwealth has not challenged that sentencing decision, so we will consider any challenge to the availability of probation as having been waived.