Edwin Parrish GRACE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 94–CA–2270–MR.

Court of Appeals of Kentucky.

Feb. 16, 1996.

Kimberly A. Brooks Assistant Public Advocate (briefed), Covington, for Appellant.

A.B. Chandler, III, Attorney General, and Karen Quinn, Assistant Attorney General (briefed), Frankfort, for Appellee.

Before KNOPF, SCHRODER and WILHOIT, JJ.

WILHOIT, Judge.

This is an appeal from the judgment of the Warren Circuit Court entered on September 14, 1994, pursuant to the appellant's conditional plea of guilty to the crime of possession of a handgun by a convicted felon. KRS 527.040. The appellant was sentenced to two years' imprisonment to be served concurrently with the sentence he had already been serving.

The appellant was indicted by the Warren County Grand Jury on February 24, 1993, for a felony drug trafficking offense. On June 30, 1993, the appellant entered a plea of guilty to the trafficking charge which the trial court accepted, ordering "that the Court accepts the plea of guilty and the Defendant is guilty as charged." Final sentencing was continued until August 23, 1993. Final sentencing did not occur until April 24, 1994.

On April 28, 1994, the Warren County Grand Jury indicted the appellant on the charge of possession of a handgun by a convicted felon in violation of KRS 527.040. The indictment alleged that the appellant committed the crime on November 11, 1993.

The appellant moved the trial court to enter an order of acquittal, arguing that, at the time of the alleged crime, he was not a "convicted felon" for purposes of KRS 527.040 because a judgment in conformity with RCr 11.02 and 11.04 had not been entered in the drug trafficking case. He maintained that he was not a "convicted felon" until April 24, 1994, when the final sentence was imposed. The trial court denied the motion by order entered on August 8, 1994.

On September 13, 1994, the appellant entered a conditional plea of guilty to the possession charge. He reserved the following question of law for appeal:

> Whether a defendant who had possession [of] a handgun after a plea of guilty to a felony in a prior case but before the imposition of the sentence, is a convicted felon for the purpose of KRS 527.040?

Under our law, the term "conviction" or "convicted" may vary in meaning, depending upon the particular statute in which it is used. *See Commonwealth v. Reynolds,* Ky., 365 S.W.2d 853 (1963). "Conviction" may be intended to mean only the determination of guilt, as by a verdict or plea of guilty, or it may be intended to mean a final judgment in the prosecution. *Id., citing Dial v. Commonwealth,* 142 Ky. 32, 133 S.W. 976 (1911). The Kentucky Supreme Court recognized that

> The word generally means the ascertainment of defendant's guilt by some legal mode and an adjudication that the accused is guilty. This may be accomplished by a confession by the accused in open court, a plea of guilty or a verdict which ascertains and publishes the fact of guilt. We believe in the majority of those cases and in the majority of jurisdictions (although we have not counted noses), the word "conviction" is not limited to a final judgment.

*Reynolds,* 365 S.W.2d at 854. The pertinent inquiry in the immediate action, therefore, is which of these meanings of "convicted" was intended in KRS 527.040.

The commentary to KRS 527.040 states that there had been no similar provi-

sion in our statutes prior to 1974, but that a similar provision existed in the Federal Gun Control Act of 1968. 18 U.S.C. § 922. KRS 527.040(1)(b) also carves out an exception for those convicted felons who had been given "relief by the United States Secretary of the Treasury pursuant to the Federal Gun Control Act of 1968, as amended." Undoubtedly, Kentucky's KRS 527.040 is modeled after the Federal Gun Control Act of 1968, and specifically, 18 U.S.C. § 922(h)(1) which makes it a crime for "convicted" felons to possess firearms. The meaning of the term "convicted" as it applies to 18 U.S.C. § 922 is, therefore, persuasive in determining the term's meaning as it applies to KRS 527.040. The appellee points out, and this court agrees, that for purposes of the federal act the term "conviction" is synonymous with the determination of guilt. If guilt is established via a guilty plea or a verdict, and nothing remains except for imposing a sentence, the particular defendant is deemed "convicted" for purposes of 18 U.S.C. § 922. *See United States v. Rosenstengel,* 323 F.Supp. 499 (E.D.Mo.1971). We conclude that once the appellant's plea of guilty was accepted by the court, and he was found by the court to be guilty, he became a "convicted felon" for purposes of KRS 527.040.

The judgment of the Warren Circuit Court is affirmed.

All concur.