**COMMONWEALTH of
Kentucky, Movant,**

v.

**Morris FRODGE, Respondent.**

**No. 97–SC–717–CL.**

Supreme Court of Kentucky.

Feb. 19, 1998.

Jeffrey L. Schumacher, McNeill & Schumacher, Maysville, for Movant.

Morris Frodge, pro se.

COOPER, Justice.

Respondent, Morris Frodge, was charged with violating KRS 219.330, which prohibits the operation of a mobile home park without a permit. The term "mobile home park" is defined by KRS 219.320(5) as follows:

"Mobile home park" means a parcel of land, under the control of any person, available to the public in which two (2) or more mobile home lots are occupied or intended for occupancy by mobile homes and includes any service building, structure, enclosure or other facility used as a part of a park.

The case was tried in the Mason District Court without a jury. Upon completion of the Commonwealth's case-in-chief, Respondent moved for a directed verdict of acquittal. After hearing arguments from both sides, the trial judge found that the element of "available to the public" had not been proven by the Commonwealth, thus Respondent was not operating a "mobile home park" under the statute. The trial judge held that "available to the public" means "open to the public," thus, a mobile home park must have either a public thoroughfare with access available to all tenants, or each mobile home must have direct access to a public road. The alleged mobile home park in this case had three mobile home units on two or three acres with no direct access to a public road. The only access was a private road used by the mobile home tenants.

The Commonwealth argued that because the mobile home units were rented to non-family members, this was a "mobile home park" as defined by the statute. In other words, two or more mobile homes located on one parcel of land and available for rental to the public constitutes a mobile home park. The trial judge disagreed and dismissed the charges.

Pursuant to Ky. Const. § 115 and CR 76.37(10) the Commonwealth petitioned for a certification of the law regarding the following two issues:

1. Does the term "available to the public", as used in the definition of a "mobile home park" as set forth in KRS 219.320(5),

mean that the general public must have access to the property in order for the property to be considered a mobile home park?

2. Does the term "available to the public", as used in the definition of a "mobile home park" as set forth in KRS 219.320(5), require that each resident have direct access to a public road, rather than a private drive or thoroughfare through the property in order for the property to be considered a mobile home park?

 The task in this case is strictly one of statutory construction. "As with any case involving statutory interpretation, our duty is to ascertain and give effect to the intent of the General Assembly. We are not at liberty to add or subtract from the legislative enactment nor discover meaning not reasonably ascertainable from the language used." *Beckham v. Board of Education*, Ky., 873 S.W.2d 575, 577 (1994).

 The obvious purpose of the Kentucky Mobile Home and Recreational Vehicle Park Act, KRS 219.310, *et seq.*, is to insure public health, to set standards for mobile home parks, and to enable the Cabinet for Human Resources and local health departments to insure compliance with regulations. It is irrelevant to these purposes whether the general public at large has access to the park or whether each resident has direct access to a public road. If the term "available to the public" meant that the general public must have access to a thoroughfare in order for the property to be considered a mobile home park, a landowner with two or more mobile homes on his property could avoid compliance with state regulations by simply limiting public access to the property.

The only logical interpretation of KRS 219.330 is that if two or more mobile home lots are available for lease to non-family members, the lots are "available to the public." This interpretation is reinforced by the exclusion contained in KRS 219.410 for mobile homes "maintained by any persons on their own premises and used exclusively to house their own farm labor."

 Accordingly, we conclude that "available to the public," as used in KRS 219.320(5), does not refer to whether the general public has access to the property via a public roadway, but to whether the mobile home lots are available for lease to persons who are neither members of the owner's family nor employed as laborers on the owner's farm.

The law is so certified.

All concur.