Gary Lee WHITE, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

98–SC–0848–MR.

Supreme Court of Kentucky.

Nov. 18, 1999.

Gene Lewter, Lexington, for Appellant.

A.B. Chandler, III, Attorney General,
Todd D. Ferguson, Assistant Attorney
General, Criminal Appellate Division, Office of the Attorney General, Frankfort,
for Appellee.

GRAVES, Justice.

Appellant, Gary Lee White, was convicted in the Fayette Circuit Court of burglary, receiving stolen property, wanton endangerment, resisting an order to stop a
motor vehicle, and reckless driving. Appellant was sentenced to twenty years imprisonment, and appeals to this court as a
matter of right. Appellant alleges that
two errors warrant reversal of his conviction, namely, the trial court (1) admitted
improper testimony from a police officer;
and (2) erred in ordering that the sentence
in this case run consecutively to a sentence
he was already serving. We affirm as the
errors herein were harmless.

On February 24, 1998, the Fayette
County Grand Jury indicted Appellant for
one count of second-degree burglary, ten
counts of receiving stolen property over
$300, five counts of first-degree wanton
endangerment, resisting an order to stop a
motor vehicle, and reckless driving. These
charges all arose from events which occurred on December 19, 21 and 31, 1997,
and January 3 and 7, 1998. Appellant was
tried by a jury on August 25, 1998, and
was found guilty of all charged offenses
except for one of the first-degree wanton
endangerment charges. On that first-degree wanton endangerment charge, the

jury returned a guilty verdict for second-degree wanton endangerment, a misdemeanor. The jury recommended a total sentence of twenty years imprisonment and the trial court entered judgment accordingly.

For his first allegation of error, Appellant asserts that the trial judge impermissibly allowed a police officer to testify as to what she had been told by two witnesses to the burglary of the home of Mattie Pennington, which occurred on December 21, 1997. Detective Kimberly Baker was called to the scene of a residential burglary in progress and was met there by two witnesses to the crime, Maxine Peel and her son, Douglas Isaac. Detective Baker stated that Peel and Isaac had given her a description of the suspects' car including its license plate number, and she recited those facts as they were given her. Detective Baker also testified as to the description of the perpetrators and of the events of that day as given to her by Peel and Isaac. Detective Baker explained her actions in response to obtaining this information, including broadcasting a description of the car along with its license plate number over police radio and looking for the vehicle in the general vicinity of its last known location. Finally, Detective Baker testified that she had entered Pennington's residence and observed its condition following the burglary.

■ Appellant unsuccessfully objected at trial to this testimony on the ground that it was hearsay not falling within any exception and was thus inadmissible. Appellant now argues that the trial judge and the Commonwealth improperly introduced this testimony as "investigative hearsay", a term which we hoped was definitively resolved in *Sanborn v. Commonwealth*, Ky., 754 S.W.2d 534 (1988), and, as such, the testimony should have been excluded. We agree that the testimony should have been excluded, but for different reasons than those articulated by Appellant.

Detective Baker testified regarding the actions taken by the perpetrators of the burglary. This information was obtained from Peel and Isaac on the day in question. Contrary to Appellant's assertion that there was no evidence other than Detective Baker's testimony which linked Appellant to the crime scene, both Peel and Isaac did, in fact, subsequently testify at trial reciting similar facts to those presented by Detective Baker. However, when called as witnesses, neither Peel nor Isaac could describe the vehicle or recall its license plate number. Furthermore, since Baker testified *before* Peel and Isaac, her testimony as to what Peel and Isaac told her could not have been admitted under KRE 801A(a)(1) (prior inconsistent statements). The Commonwealth argues that the evidence was admissible under the verbal acts doctrine, as the evidence was offered not to prove that a dark colored Dodge Dynasty with license plate number ZNT 121 was involved in the Pennington burglary, but to explain why Baker broadcast the vehicle's description and license plate number to the other officers. We disagree. Baker's testimony was not admissible under the verbal acts doctrine.

As Professor Lawson explains, a "verbal act" usually denominates an out-of-court statement that is at issue in the case, such as a contract, a perjury, or a defamation. R. Lawson, *The Kentucky Evidence Law Handbook* § 8.05 II, at 361–63 (3d ed. Michie 1993). The term is occasionally used as shorthand to describe an utterance that is part of and contemporaneous with a nonverbal act. *Id.* at 363–64. The prime illustration of this usage is *George v. United States*, 125 F.2d 559 (D.C.Cir.1942), in which the defendant was charged with complicity to robbery for being the driver of a getaway car. To prove that fact, the prosecutor was permitted to introduce evidence that as he ran toward the defendant's vehicle, the robber was heard to say, "[w]ait, don't leave me." As stated in *Preston v. Commonwealth*, Ky., 406 S.W.2d 398 (1966), *cert. denied*, 386 U.S. 920, 87 S.Ct. 886, 17 L.Ed.2d 792 (1967), under this usage, "the conduct and the

verbal utterances must be by the same person." *Id.* at 401.

Here, the Commonwealth attempts to use the verbal utterances of Peel and Isaac to explain the conduct of Baker. In fact, Baker's testimony was pure hearsay, since the evidence was offered to prove the truth of the fact that a dark-colored Dodge Dynasty with license plate number ZNT 121 was the vehicle involved in the Pennington burglary. KRE 801(c).

■ While it was error for the trial court to allow Detective Baker's testimony, we are of the opinion that such was cumulative and any error was rendered harmless, not by the testimonies of Peel and Isaac, but by the testimonies of William Dickerson and Officer Tom Gilbert. RCr 9.24. Dickerson testified that his maroon-colored Dodge Dynasty bearing license plate number ZNT 121 was stolen from his residence shortly before the Pennington burglary.

Lexington patrol officer Gilbert testified *without objection* that he heard Detective Baker's report over his two-way radio and thereafter observed Appellant driving a maroon Dodge Dynasty with license number ZNT 121 in the vicinity of the Pennington residence. A subsequent stop and search of the vehicle revealed that it contained personal property stolen from the Pennington residence. Thus, standing alone, Gilbert's testimony was sufficient to convict Appellant not only of the theft of Dickerson's vehicle, but also of the burglary and theft of property from Pennington's residence.

Since Appellant did not claim that Gilbert stopped his vehicle without a "reasonable articulable suspicion" that Appellant was engaged in criminal activity, it was immaterial that Baker had provided Gilbert with the basis for the stop. If Appellant had moved to suppress Gilbert's testimony, Baker's evidence would have been admissible at the suppression hearing held outside the presence of the jury, KRE 104(c), at which the rules of evidence would not have applied. KRE 104(a). However, her evidence, though harmless, was inadmissible at trial.

■ Appellant's second argument is that the trial court erred by not running the twenty year sentence imposed in the instant case concurrently with a one year sentence Appellant was already serving, as required by KRS 532.110(1)(c). However, at the time Appellant committed the instant offenses, he was released on bond awaiting trial for the previous charges. This situation is expressly covered by KRS 533.060(3), which prohibits the two sentences from running concurrently. We held in *Devore v. Commonwealth,* Ky., 662 S.W.2d 829 (1984), that KRS 533.060(3) controls over KRS 532.110(1)(c). Thus, the trial court correctly refused to run the sentence in the instant case concurrently with the prior one year sentence.

For the foregoing reasons, Appellant's convictions are AFFIRMED.

All concur.