Montez Lamont COSBY, Appellant,

v.

COMMONWEALTH OF KENTUCKY,
Appellee.

No. 2002–SC–0806–DG.

Supreme Court of Kentucky.

Aug. 26, 2004.

Rehearing Denied Nov. 18, 2004.

Daniel T. Goyette, Frank Wm. Heft, Jr., Jefferson District Public Defender, Louisville, Counsel for Appellant.

Gregory D. Stumbo, Attorney General, Samuel J. Floyd, Jr., Assistant Attorney General, Counsel for Appellee.

Opinion of the Court by Justice STUMBO.

This appeal poses the following issue of first impression: Where one is convicted of or pleads guilty to a criminal offense, remains free on bond while waiting to be sentenced, and in the interim perpetrates another crime, does the phrase "awaiting trial" as set forth in KRS 533.060(3) apply so as to require the imposition of consecutive sentences. For the reasons set forth below, we hold that it does and, therefore, affirm the result of the opinion rendered by the Court of Appeals.

The facts are these. In June of 2000, the appellant, Montez Lamont Cosby, agreed to waive his right to a jury determination of sentencing following his conviction on a single offense and agreed to accept the Commonwealth's plea agreement. Cosby also agreed to accept the Commonwealth's offer on two other charges and subsequently entered a guilty plea. In exchange for Cosby's plea, the Commonwealth agreed to recommend a total sentence of fifteen years imprisonment. However, if Cosby subsequently failed to appear at sentencing, he agreed to serve a prison term of twenty years. Cosby was allowed to remain free on bond until sentencing, which was scheduled to

be held before the Jefferson Circuit Court on August 1, 2000. He failed to appear.

When Cosby failed to appear for sentencing, a bench warrant was issued for his arrest. Cosby was arrested pursuant to the bench warrant on December 18, 2000, and was subsequently charged with a variety of criminal offenses under Indictment No. 01–CR–0211. In March of 2001, pursuant to a plea agreement, Cosby entered a plea of guilty to the following charges: possession of handgun by a convicted felon; possession of drug paraphernalia while possessing a firearm; possession of a controlled substance (marijuana) while possessing a firearm; and operation of a motor vehicle by a person whose operator's license has been suspended or revoked. The Commonwealth agreed to recommend that Cosby serve a total of eight years imprisonment and had no objection to that sentence running concurrently with Cosby's other sentences if permitted by law. At sentencing, the circuit judge, Hon. F. Kenneth Conliffe, determined that Cosby's eight-year sentence on Indictment No. 01–CR–0211 was required to run consecutively to Cosby's total twenty-year sentence on the prior offenses pursuant to KRS 533.060(3). Cosby reserved his right to an appeal on the sentencing issue.

Cosby appealed to the Court of Appeals, which in a 2–1 opinion, upheld the circuit court's decision regarding the sentencing issue in view of our opinion in *Moore v. Commonwealth*, Ky., 990 S.W.2d 618 (1999). Although the issue presented in *Moore* concerned a defendant who committed a criminal offense after he had been indicted but not yet arraigned, as opposed to a defendant who committed a subsequent offense before sentencing, the Court of Appeals found the same considerations to be applicable in both situations. The Court of Appeals stated that KRS 533.060(3) should apply "as strongly to a person who … committed a new crime after conviction but before sentencing on another offense," and ultimately concluded that the circuit court was precluded from running Cosby's sentences concurrently. We granted discretionary review and this appeal followed.

■ Essentially, it is Cosby's position that the actual issue in this case is whether the phrase "awaiting trial" as set forth in KRS 533.060(3), can be construed to mean "awaiting sentencing." Cosby states that *Commonwealth v. Brasher*, Ky.App., 842 S.W.2d 535 (1992) (overruled to the extent it conflicted with *Moore, supra*), stands for the proposition that the phrase "awaiting trial" does not mean "awaiting sentencing," and thus KRS 533.060(3) is not applicable to him.

KRS 533.060(3) states as follows:

When a person commits an offense while awaiting trial for another offense, and is subsequently convicted or enters a plea of guilty to the offense committed while awaiting trial, the sentence imposed for the offense committed while awaiting trial shall not run concurrently with confinement for the offense for which the person is awaiting trial.

We are primarily concerned with the meaning of the phrase "awaiting trial." This very issue was previously before this Court in *Norton v. Commonwealth*, Ky., 37 S.W.3d 750, 754 (2001), but was ultimately not resolved.

■ "General principles of statutory construction hold that a court must not be guided by a single sentence of a statute but must look to the provisions of the whole statute and its object and policy." *County of Harlan v. Appalachian Reg'l Healthcare, Inc.*, Ky., 85 S.W.3d 607, 611 (2002). "No single word or sentence is determinative, but the statute as a whole

must be considered." *Id.* In addition, "[w]e have a duty to accord to words of a statute their literal meaning unless to do so would lead to an absurd or wholly unreasonable conclusion." *Bailey v. Reeves,* Ky., 662 S.W.2d 832, 834 (1984). Moreover, "[i]n construing statutory provisions, it is presumed that the legislature did not intend an absurd result." *Commonwealth, Central State Hosp. v. Gray,* Ky., 880 S.W.2d 557, 559 (1994). The legislature's intention "shall be effectuated, even at the expense of the letter of the law." *Commonwealth v. Rosenfield Bros. & Co.,* 118 Ky. 374, 80 S.W. 1178, 1180 (1904).

■ We must further acknowledge that the General Assembly "intends an Act to be effective as an entirety. No rule of statutory construction has been more definitely stated or more often repeated than the cardinal rule that significance and effect shall, if possible, be accorded to every part of the Act." *George v. Scent,* Ky., 346 S.W.2d 784, 789 (1961). Thus, we must look at all of the provisions of KRS 533.060.

■ There is no doubt that, with regard to KRS 533.060(3), it was the General Assembly's intent "to punish persons who were convicted of committing a subsequent crime or crimes while awaiting trial more severely by eliminating the possibility of concurrent sentences." *Moore,* 990 S.W.2d at 621. Neither party to this action disputes this. Also, KRS 533.060(2) precludes a court from ordering a sentence for a criminal offense committed while an accused is on probation or parole to run concurrently with another sentence. *See Devore v. Commonwealth,* Ky., 662 S.W.2d 829, 831 (1984). This is further indication of the General Assembly's intent in enacting KRS 533.060.

■ We cannot agree with Cosby's position that the phrase "awaiting trial" cannot be construed to include "awaiting sentencing." "A trial is the judicial investigation and determination of the issues between the parties to an action." *Campbell v. Hulett,* Ky., 243 S.W.2d 608, 611 (1951). In the case at bar, sentencing was an issue between Cosby and the Commonwealth that needed to be determined. As such, under the circumstances, it is our view that Cosby's sentencing hearing can be construed to fall within the meaning of the term "trial" for purposes of KRS 533.060(3).

Additionally, in *Moore,* we held that the phrase "awaiting trial" in KRS 533.060(3) was "broad enough to include the period of time immediately after arrest." 990 S.W.2d at 621. In light of that holding, we find that the aforesaid phrase is also expansive enough to encompass the sentencing of a criminal defendant. It is clear that absurd consequences would result if we adopted Cosby's interpretation of "awaiting trial;" namely, that the statute would apply until entry of the plea and after sentencing, but not to the period between the plea and sentencing. The unreasonable result would be Cosby's circumvention of the General Assembly's intent to punish those individuals who commit additional criminal offenses while awaiting further proceedings on other charges. This is especially true under the circumstances peculiar to this matter where the appellant committed criminal offenses after he failed to appear in court for sentencing on his earlier convictions.

Cosby correctly states that *Brasher, supra,* stands for the proposition that "awaiting trial" does not mean "awaiting sentencing." On the other hand, Cosby's position that *Brasher* remains good law as to the issue presented in this case is misplaced, as we conclude that the Court of Appeals reached the wrong decision therein. In *Brasher,* the Court of Appeals determined

that KRS 533.060(3) did not preclude a circuit court from allowing sentences to run concurrently when an individual perpetrated a criminal offense while awaiting sentencing. The Court of Appeals erred in applying a narrow interpretation of KRS 533.060(3). "All statutes of this state shall be liberally construed with a view to promote their objects and carry out the intent of the legislature." KRS 446.080(1). It is manifest that the intent of KRS 533.060(3) was to penalize those persons who perpetrated criminal acts while on release or otherwise awaiting additional court proceedings related to other criminal acts. The Court of Appeals' decision in *Brasher* was clearly incorrect; accordingly, it is hereby overruled.

We note that we should refrain from surmising what the state legislature "may have intended but failed to articulate." *Peterson v. Shake*, Ky., 120 S.W.3d 707, 709 (2003). However, the intent of the General Assembly with regard to KRS 533.060(3) is patent. The purpose of statutory construction "is to give effect to the intent of the legislature." *County of Harlan*, 85 S.W.3d at 611. Therefore, we hold that the phrase "awaiting trial" as set forth in KRS 533.060(3) includes the period of time following the establishment of guilt (whether by conviction or the entering of a guilty plea) and before sentencing.

Here, KRS 533.060(3) prohibited the circuit court from running Cosby's sentence on Indictment No. 01–CR–0211 concurrently with his other sentences. Accordingly, for the reasons stated, we hereby affirm the opinion of the Court of Appeals and the sentence imposed by the Jefferson Circuit Court.

COOPER, GRAVES, JOHNSTONE, and WINTERSHEIMER, JJ., concur.

KELLER, J., dissents by separate opinion, with LAMBERT, C.J., joining that dissent.

Dissenting opinion by Justice KELLER.

I respectfully dissent because I do not believe that the phrase "awaiting trial" contained in KRS 533.060(3) can be so broadly construed to apply to offenses committed after Appellant's trial and guilty pleas.

Although I agree with the majority that it is this Court's duty when interpreting statutes to give effect to the General Assembly's intent, I "know of no rule of interpretation that would require us to utterly ignore the plain ... meaning of words in a statute."[1] To the contrary, "[t]he plain meaning of the statutory language is presumed to be what the legislature intended, and if the meaning is plain, then the court cannot base its interpretation on any other method or source."[2] Under the rubric of effecting the "General Assembly's intent,"[3] the majority opinion ignores the plain language of the statute and impermissibly fills in gaps left by the Legislature.[4] When interpreting statutes,

1. *Gold Trading Stamp Co. v. Commonwealth*, 224 Ky. 136, 5 S.W.2d 910, 911 (1928). *Cf. Powers v. Brewer*, 238 Ky. 579, 38 S.W.2d 466, 469 (1931) ("[T]he principle that the statute is to be liberally construed does not mean that its provision can be entirely ignored.").

2. RONALD BENTON BROWN & SHARON JACOBS BROWN, STATUTORY INTERPRETATION: THE SEARCH FOR LEGISLATIVE INTENT § 4.2, at 38 (NITA, 2002) [hereinafter "STATUTORY INTERPRETATION"].

3. *Cosby v. Commonwealth*, Ky., 147 S.W.3d 56, 59 (2004).

4. *Commonwealth v. Brasher*, Ky.App., 842 S.W.2d 535, 536 (1992), *overruled on other grounds by Moore v. Commonwealth*, Ky., 990 S.W.2d 618 (1999) ("[T]he legislature nevertheless left a gap between trial and sentencing, as well as between arrest and indictment.").

"we should not ignore the plain meaning of the words used … simply because a different interpretation might further or more efficiently accomplish its ultimate purpose."[5] Only "when [it] would produce an injustice or ridiculous result" should we ignore the plain meaning of a statute.[6] Here, although we may not desire the outcome, the plain meaning of the statute produces neither an injustice nor a ridiculous result.

KRS 533.060(3) plainly states that it applies "[w]hen a person commits an offense *while awaiting trial* …."[7] This provision has been consistently applied to situations where the defendant is actually "awaiting trial."[8] It has not previously been interpreted by Kentucky's appellate courts as applicable either after a trial or after the possibility of a trial has been foreclosed. In *Commonwealth v. Brasher*,[9] the Court of Appeals noted correctly that "[i]t is

generally considered that one is not awaiting trial before indictment or after guilt is established."[10] In *Moore v. Commonwealth*,[11] however, this Court expanded the limits on the front-end to include arrest. Now the majority opinion expands the limits on the back-end to a point clearly past the plain language of the statute.

Even if the words of the statute are broad enough to include the time period after an arrest, as this Court held in *Moore*, at least in that situation one can anticipate that the defendant will stand trial, but as in this case, once a guilty plea is entered or jury sentencing is waived, clearly a defendant is only awaiting final sentencing and is no longer awaiting trial. I believe that *Brasher*[12] is correct and that once a defendant has pled guilty and is awaiting sentencing, KRS 533.060(3) no longer applies. When a defendant enters a guilty plea, he or she is considered to be

5. *Autozone, Inc. v. Brewer*, Ky., 127 S.W.3d 653, 656 (2004) (citing *Bd. of Educ. of Nelson Co. v. Lawrence*, Ky., 375 S.W.2d 830, 831 (1963)).

6. *Johnson v. Frankfort & C.R. R.*, 303 Ky. 256, 197 S.W.2d 432, 434 (1946) ("A cardinal rule for the interpretation of statutes—if there is any doubt from the language employed as to the intent and purpose of the Legislature in enacting it—is that courts should avoid adopting a construction which would be unreasonable and absurd in preference to one that is 'reasonable, rational, sensible and intelligent ….'"); STATUTORY INTERPRETATION, *supra* note 2, § 4.3, at 40.

7. KRS 533.060(3) (emphasis added).

8. *Cardwell v. Commonwealth*, Ky., 12 S.W.3d 672 (2000) (Appellant had two pending charges against him that had not been resolved at the time he was charged with murder and first degree assault.); *White v. Commonwealth*, Ky., 5 S.W.3d 140, 142 (1999) ("[A]t the time Appellant committed the instant offense, he was released on bond awaiting trial for previous charges."); *Moore v. Commonwealth*, Ky., 990 S.W.2d 618, 621

(1999) ("[P]ersons are considered to be awaiting trial if they have sufficient knowledge of the first offense by means of arrest for that crime or crimes and are released on bond or otherwise incarcerated for the crimes charged."); *Commonwealth v. Martin*, Ky. App., 777 S.W.2d 236 (1989) (While out on bond and awaiting trial, Appellant committed new offenses.); *Rose v. Commonwealth*, Ky. App., 738 S.W.2d 835 (1987) (Appellant committed misdemeanors while on release awaiting trial on two previous felonies.); *Handley v. Commonwealth*, Ky.App., 653 S.W.2d 165 (1983) (Appellant committed new offenses while awaiting trial on forgery charges.).

9. Ky.App., 842 S.W.2d 535 (1992), *overruled on other grounds by Moore v. Commonwealth*, Ky., 990 S.W.2d 618 (1999).

10. *Brasher*, 842 S.W.2d at 536–537.

11. Ky., 990 S.W.2d 618 (1999).

12. A comparison of *Brasher* and *Moore* reveals that *Moore* overruled *Brasher* only to the extent that *Brasher* stated that "one can only be considered awaiting trial after an indictment." *Moore*, 990 S.W.2d at 620.

convicted.[13] At that point the opportunity for a trial has passed; the defendant no longer anticipates standing trial and is merely awaiting sentencing.

A review of KRS 532.110 and KRS 533.060 shows that the Legislature has enacted numerous provisions on sentencing for additional crimes committed at various stages of the criminal trial process and beyond: "while awaiting trial for another offense,"[14] "while . . . imprisoned in a penal or reformatory institution,"[15] "during an escape from imprisonment,"[16] "while . . . await[ing] imprisonment,"[17] or "while on parole, probation, shock probation, or conditional discharge."[18] Had the Legislature wanted to address crimes committed after conviction and before final sentencing, the Legislature could have done so. Perhaps, it assumed, albeit in-

correctly, that no gap existed between trial and sentencing.

Nevertheless, two years after the *Brasher* decision, the Legislature had the opportunity to expand the application of the sentencing provision in subsection (3) when it amended a different subsection of KRS 533.060.[19] Since the Legislature is presumed to know how the statute had been interpreted and applied since its original enactment, the fact that the Legislature did not alter subsection (3) at that time indicates its approval of the *Brasher* interpretation.[20]

Although statutes are to be liberally construed, the Court cannot entirely ignore provisions or add to provisions those words, phrases or meanings whose omission appears to have been an oversight.[21]

**13.** *Thomas v. Commonwealth*, Ky., 95 S.W.3d 828, 829 (2003) ("When Appellant freely, knowingly, and intelligently entered a plea of guilty to first degree possession of a controlled substance, he acknowledged the fact of having committed a crime and accepted legal responsibility for a criminal act. Thus, Appellant's status as a 'convicted felon' was established, and all that remained was the imposition of a sentence."); *Commonwealth v. Reynolds*, Ky., 365 S.W.2d 853 (1963) (When a defendant enters a guilty plea or a verdict which ascertains and publishes the fact of guilt is returned, then the defendant has been convicted of the charge.); *Grace v. Commonwealth*, Ky.App., 915 S.W.2d 754 (1996) (Defendant was a "convicted felon" for purposes of statute prohibiting possession of a handgun by a convicted felon, where he possessed handgun after plea of guilty to felony in prior case but before imposition of sentence.).

**14.** KRS 533.060(3).

**15.** KRS 532.110(3).

**16.** *Id.*

**17.** *Id.*

**18.** KRS 533.060(2).

**19.** 1994 Ky. Acts ch. 418, § 14.

**20.** *Rye v. Weasel*, Ky., 934 S.W.2d 257, 262 (1996) ("The Kentucky and Federal courts have recognized the failure of the legislature to change a known judicial interpretation of a statute as extremely persuasive evidence of the true legislative intent. There is a strong implication that the legislature agrees with a prior court interpretation of its statute when it does not amend the statute interpreted."); STATUTORY INTERPRETATION, *supra* note 2, § 9.3.1 at 149–150 ("[I]f the legislature reenacts the statute without rejecting the interpretations of the earlier act, it probably means to approve those interpretations.").

**21.** *Commonwealth v. Harrelson*, Ky., 14 S.W.3d 541, 546 (2000) ("Where a statute is intelligible on its face, the courts are not at liberty to supply words or insert something or make additions which amount, as sometimes stated, to providing for a *casus omissus*, or cure an omission." (citation omitted)); *Boone v. Commonwealth*, Ky., 821 S.W.2d 813, 815 (1992) (quoting *Hatchett v. City of Glasgow*, Ky., 340 S.W.2d 248, 251 (1960)) (" '[C]ourts are not at liberty to supply words or insert something or make additions [to statutes] which amount, as sometimes stated, to providing for a *casus omissus*, or cure an omission, however just or desirable it might [seem to] be to supply an omitted provision.' ").

By applying KRS 533.060(3) to the period between conviction and final sentencing by the trial court, the majority opinion extends the words "awaiting trial" beyond any plausible meaning.[22]

For the foregoing reasons, I would reverse the sentence imposed by the trial court and remand with directions to disregard KRS 533.060(3)'s proscription against a concurrent sentence and to resentence Appellant.

LAMBERT, C.J., joins this dissenting opinion.

**22.** *Flying J Travel Plaza v. Commonwealth of Ky., Transp. Cabinet, Dep't of Highways*, Ky., 928 S.W.2d 344, 347 (1996) (citing *Ky. Ass'n of Chiropractors, Inc. v. Jefferson Co. Med. Soc'y*, Ky., 549 S.W.2d 817 (1977)) (The Court has a responsibility "to ascertain the intention of the legislature from words used in enacting statutes rather than surmising what may have been intended but was not expressed."). *See also Commonwealth v. Harrelson*, Ky., 14 S.W.3d 541, 546 (2000); *Commonwealth v. Frodge*, Ky., 962 S.W.2d 864, 866 (1998); *Beckham v. Bd. of Educ. of Jefferson Co.*, Ky., 873 S.W.2d 575, 578 (1994); *Posey v. Powell*, Ky. App., 965 S.W.2d 836, 838 (1998) (The Court is "not at liberty to add or subtract from legislative enactments.").