**KENTUCKY EMPLOYEES RETIREMENT SYSTEMS, Appellant,**

v.

**Barbara FOSTER, Appellee.**

No. 2006–CA–002177–MR.

Court of Appeals of Kentucky.

Oct. 5, 2007.

Rehearing Denied May 7, 2008.

Discretionary Review Denied by Supreme Court Jan. 14, 2009.

Katherine Rupinen, Frankfort, KY, for appellant.

Debra H. Dawahare, Leila G. O'Carra, Wyatt, Tarrant & Combs, LLP, Lexington, KY, for appellee.

Before KELLER, LAMBERT, and STUMBO, Judges.

*OPINION*

LAMBERT, Judge.

Kentucky Employees Retirement Systems ("KERS") appeals the decision of the circuit court reversing KERS's decision to deny Barbara Foster's request to purchase service credit for the time she was employed as a professor at the University of Kentucky. For the reasons stated herein, we affirm the judgment below.

**Background**

The parties do not dispute the pertinent facts in this case. Prior to her employment with the former Natural Resources and Environmental Protection Cabinet, the appellee, Barbara Foster, worked as a full-time professor at the University of Kentucky ("UK"). Consequently, looking to maximize her future state-government retirement benefits, Foster sought to purchase service credit for the time she was employed at UK. KERS denied her application. After exhausting her administrative remedies, Foster appealed to Franklin Circuit Court, which reversed KERS. KERS now appeals.

**Issue**

The parties acknowledge that Foster's eligibility to purchase service credit turns on the proper construction of the emphasized language in KRS 61.552(8):

Any employee participating in one (1) of the retirement systems administered by Kentucky Retirement Systems who has at least forty-eight (48) months' service if age sixty-five (65) or at least sixty (60) months' service if under age sixty-five (65) in the retirement systems administered by the Kentucky Retirement Systems, *who formerly worked for a state university in a position which [1] would have qualified as a regular full-time position [2] had the university been a participating department,* and who did not participate in a defined benefit retirement program at the university may obtain credit in the employee's account in the County Employees Retirement System, the Kentucky Employees Retirement System, or the State Police Retirement System for prior and current service by paying either retirement system a delayed contribution payment for the service he would have received had his period of university employment been covered by the County Employees, Kentucky Employees Retirement System, or State Police Retirement System. The delayed contribution payment shall not be picked up, as described in KRS 61.560(4), by the employer. Payment may be by

lump sum, or the employee may pay by increments.

(Emphasis and numerals supplied.)

## Standard of Review

■ We review questions of statutory construction *de novo.* *E.g., Liquor Outlet, LLC v. Alcoholic Beverage Control Board,* 141 S.W.3d 378, 381 (Ky.App.2004).

## Analysis

■ Here, the statutory language mandates that we (1) assume that UK had been participating in the KERS when Foster taught there; and (2) ascertain whether her position would have been deemed a "full-time position." The answer to the relevant question is easily ascertained as KERS acknowledges in its brief that Foster's teaching position at UK was "full-time" both in terms of UK's reckoning and KERS's own reckoning. Consequently, we hold that, under the statutory test of KRS 61.552(8), Foster is eligible to purchase service credit for the time she was employed as a professor at UK.

KERS manages to reach a contrary conclusion only because it misframes the relevant question under the pertinent language of KRS 61.552(8). Indeed, it is implicit throughout KERS's arguments that it perceives subsection (8) as requiring (1) the assumption that UK was a *generally* participating department in the KERS during Foster's tenure; and (2) the determination of whether Foster *in particular* would have been covered by the KERS. KERS has consistently answered this question in the negative. We note, however, that KERS's implicit framing of the relevant question is patently inconsistent with the plain language of subsection (8), which asks only whether Foster's teaching position "would have qualified as a regular full-time position had the university been a participating department," not whether Foster herself would have qualified as a participant in particular had UK been participating generally in the KERS. Thus, having asked the wrong question, KERS's answer thereto is immaterial and irrelevant.

We also note that KERS's "answer" to its own, misframed question is inherently unanswerable. Indeed, UK did not participate in the KERS during Foster's teaching tenure. Thus, we cannot know with any certainty under what legal authority and concomitant provisions UK might have become a KERS participant during Foster's time there or whether that authority would have included Foster personally. What we do know, however, is that, had UK been a KERS participant during Foster's tenure, her position would have qualified as a full-time position under both UK's and KERS's standards. Consequently, we hold that, under the plain language of KRS 61.552(8), Foster qualifies to purchase service credits for her time at UK and find that the circuit court correctly so ruled.

The judgment of the Franklin Circuit Court is affirmed.

ALL CONCUR.