David P. SANGSTER, M.D., Appellant,

v.

KENTUCKY BOARD OF MEDICAL LICENSURE, Appellee.

No. 2009–CA–002277–MR.

Court of Appeals of Kentucky.

Oct. 29, 2010.

Case Ordered Published by
Court of Appeals Dec. 17, 2010.

Rehearing Denied March 4, 2011.

Discretionary Review Denied by
Supreme Court Sept. 15, 2011.

J. Fox DeMoisey, Louisville, KY, for appellant.

Leanne K. Diakov, Louisville, KY, for appellee.

Before ACREE, Judge; HENRY and ISAAC,[1] Senior Judges.

## OPINION

ISAAC, Senior Judge:

David P. Sangster, M.D. appeals from an order of the Jefferson Circuit Court authorizing the Kentucky Board of Medical Licensure (KBML) to utilize and disclose as evidence a Kentucky All Schedule Prescription Electronic Reporting (KASPER) report in the pending administrative action against Dr. Sangster. For the following reasons, we affirm.

KASPER is an electronic system that monitors the dispensing of controlled substances and is maintained by the Drug Enforcement and Professional Practices Branch of the Cabinet for Health and Family Services (Cabinet). Persons licensed to prescribe controlled substances are required to provide the Cabinet with the drug dispensed, date of dispensing, quantity dispensed, prescriber, dispenser, and patient identifying information.

In August 2007, a grievance was filed with the KBML alleging that Dr. Sangster deviated from the acceptable and prevailing medical practices by prescribing controlled substances to a patient causing her death. The KBML initiated an investigation and obtained a copy of a KASPER Report detailing Dr. Sangster's prescriptions for all patients from January 18, 2007, to January 18, 2008.

---

1. Senior Judges Michael L. Henry and Sheila R. Isaac sitting as Special Judges by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

The KBML requested the Cabinet to analyze Dr. Sangster's prescriptions for this period. In doing so, the Cabinet identified an additional ten patients it believed warranted further investigation. A KBML consultant, who is a licensed medical doctor, reviewed the charts on each patient and the KASPER report and concluded that Dr. Sangster deviated from the acceptable and prevailing medical practices. As a result, the KBML filed a complaint and emergency order of suspension against Dr. Sangster's medical license. An emergency hearing was held, and the KBML's suspension was upheld.

An administrative hearing was scheduled for November 5, 2009. In September 2009, the KBML sought Dr. Sangster's signature to an agreed order that would allow the KBML to provide Dr. Sangster with the KASPER report it had relied upon and enter that report into evidence, under seal, at the hearing. Dr. Sangster refused to sign the agreed order.

On October 1, 2009, the KBML filed a petition for declaration of rights requesting the trial court to issue an order allowing the "utilization and disclosure of KASPER data (including reports), under seal ... by its Board consultant in the administrative hearing." Dr. Sangster filed a cross-petition for declaration of rights requesting the court to issue a declaratory judgment holding the KASPER report and data may be provided by the Cabinet to the KBML, "but only to a (singular) 'designated representative of the Board,'" not to any other person within the KBML, including "an engaged physician/consultant."

The court entered an order "that the [KBML] and its agents, representatives and consultants may utilize and disclose as evidence the [KASPER] Report." The KASPER report was made available to Dr.

Sangster, and was admitted into evidence, under seal, in the November administrative hearing. Dr. Sangster moved the court to amend the order to designate it final and appealable, which the court granted. This appeal followed.

■ Dr. Sangster argues, pursuant to KRS 218A.202, that the trial court erred by allowing the KASPER report to be utilized by more than one designated representative of the KBML and to be introduced into evidence at the administrative hearing. We disagree.

As an initial matter:

> Before the processes of CR [2] 54.02 may be invoked for the purpose of making an otherwise interlocutory judgment final and appealable, there must be a final adjudication upon one or more of the claims in litigation. The judgment must conclusively determine the rights of the parties in regard to that particular phase of the proceeding.

*Hale v. Deaton,* 528 S.W.2d 719, 722 (Ky. 1975). Since Dr. Sangster's claims regarding the disclosure of KASPER reports under KRS 218A.202 were conclusively determined in the trial court order, the order is both final and appealable. Therefore, we will review the merits of Dr. Sangster's claims, and "review questions of statutory construction *de novo.*" *Ky. Employees Ret. Sys. v. Foster,* 272 S.W.3d 198, 200 (Ky.App.2007) (citation omitted).

KRS 218A.202, provides, in relevant part:

> (6) The Cabinet for Health and Family Services shall only disclose data to persons and entities authorized to receive that data under this section. Disclosure to any other person or entity, including disclosure in the context of a civil action where the disclosure is sought either for

2. Kentucky Rules of Civil Procedure.

the purpose of discovery or for evidence, is prohibited unless specifically authorized by this section. The Cabinet for Health and Family Services shall be authorized to provide data to:

(a) A designated representative of a board responsible for the licensure, regulation, or discipline of practitioners, pharmacists, or other person who is authorized to prescribe, administer, or dispense controlled substances and who is involved in a bona fide specific investigation involving a designated person;

. . . .

(8) A person who receives data or any report of the system from the cabinet shall not provide it to any other person or entity except by order of a court of competent jurisdiction and only to a person or entity authorized to receive the data or the report under this section, except that:

. . . .

(c) The Department for Medicaid Services may submit the data as evidence in an administrative hearing held in accordance with KRS Chapter 13B.

██ The "[g]eneral principles of statutory construction hold that a court must not be guided by a single sentence of a statute but must look to the provisions of the whole statute and its object and policy." *Cosby v. Commonwealth,* 147 S.W.3d 56, 58 (Ky.2004) (citation omitted). Additionally, "[w]e have a duty to accord to words of a statute their literal meaning unless to do so would lead to an absurd or wholly unreasonable conclusion." *Id.* at 59 (citation omitted). In other words, "it is presumed that the legislature did not intend an absurd result." *Id.* (citation omitted). Therefore, "statutes should be given practical interpretation to carry out manifest purpose." *Reeves v. Fidelity & Columbia Trust Co.,* 293 Ky. 544, 169 S.W.2d 621, 623 (Ky.1942) (citation omitted).

We do not read, as Dr. Sangster argues, KRS 218A.202(6)(a) to preclude disclosure to more than one "designated representative" of the KBML. KRS 218A.202(6)(a) allows disclosure of the KASPER reports to "a designated representative" of the KBML, meaning any person who is a designated representative of the KBML. To interpret "a" to only allow one KBML representative access to the KASPER report, would lead to an absurd result. To carry out its investigative purposes, the KBML must be able to disseminate the KASPER report between its investigators and consultants.

Further, KRS 218A.202 does not preclude the introduction of KASPER reports into evidence at an administrative hearing held by the KBML. KRS 218A.202(8)(c) authorizes the Department for Medicaid Services to submit KASPER reports as evidence in an administrative hearing without prior approval by a court order. Thus, this section precludes the KBML from using the KASPER report as evidence without a court order. For practical considerations, as long as the KBML obtains a court order, as it did here, the KASPER reports may be introduced into evidence at an administrative hearing held by the KBML. Further, the introduction of a KASPER report as evidence does not violate the best evidence rule, because KRS 218A.202(8)(c) specifically authorizes the use of a KASPER report as evidence in an administrative hearing. Accordingly, the trial court order did not violate KRS 218A.202.

The order of the Jefferson Circuit Court is affirmed.

ALL CONCUR.