W.C. WILLIAMS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2010–CA–001603–MR.

Court of Appeals of Kentucky.

Sept. 30, 2011.

W.C. Williams, pro se, LaGrange, KY, for appellant.

Jack Conway, Attorney General of Kentucky, Courtney J. Hightower, Assistant Attorney General, Frankfort, KY, for appellee.

Before TAYLOR, Chief Judge; CAPERTON and WINE, Judges.

## OPINION

WINE, Judge:

W.C. Williams, *pro se*, appeals from an order of the Muhlenberg Circuit Court denying his Kentucky Rules of Civil Procedure (CR) 60.02, "Motion to Correct Sentence." Williams alleges on appeal that the trial court erred in ordering his sentences to run consecutively in Case Nos. 04–CR–00164 and 07–CR–00059. The question presented to this Court on appeal is whether a subsequent offense that is committed during a period of pre-trial diversion may be considered committed while "awaiting trial" for the purposes of consecutive sentencing under Kentucky Revised Statutes (KRS) 532.060(3).

On November 19, 2004, Williams was indicted in Case No. 04–CR–00164 for manufacturing methamphetamine or complicity to the manufacture of methamphetamine under KRS 218A.1432 and KRS 502.020, a class B felony carrying a term of ten to twenty years of imprisonment. In January of 2005, Williams entered a plea of guilty to an amended charge of criminal facilitation to manufacture methamphetamine and was sentenced to a term of five years of imprisonment. However, the trial court granted Williams' motion for pretrial diversion and Williams was instead ordered to five years of diversion under a pretrial diversion agreement with the Commonwealth.

In April of 2007, Williams was indicted on two counts of rape in the third-degree in Case No. 07–CR–00059. The rapes were alleged to have occurred in June and/or July of 2006. On May 7, 2007, Williams pled guilty to both counts of third-degree rape and was sentenced to two years of imprisonment on each count, set to run consecutively, for a total of four years of imprisonment.

Thereafter, the Commonwealth moved the trial court to void its previous January 2005 order granting Williams pretrial diversion in Case No. 04–CR–00164 and to impose its original sentence of five years of

imprisonment. In support of this motion, the Commonwealth attached a supervision report from Probation and Parole Officer Bill Vincent which indicated that Williams had violated the terms of his pretrial diversion by committing the offenses of third-degree rape. The trial court granted the motion and entered an order voiding the pretrial diversion agreement in Case No. 04–CR–00164. Final judgment was entered on June 26, 2007. The judgment did not specify whether the five-year sentence in No. 04–CR–00164 and the four-year sentence in No. 07–CR–00059 were to run consecutively or concurrently.

On July 12, 2010, Williams filed a motion to correct his sentence under CR 60.02 arguing that the sentences should run concurrently. The trial court denied the motion, finding that Williams committed the offense of third-degree rape while "awaiting trial" pursuant to KRS 533.060(3), thus his sentences were required to run consecutively under the statute. Williams now appeals to this Court.

The facts in this case are not disputed. Rather, our task involves interpretation of the phrase "awaiting trial" in KRS 533.060(3). As statutory interpretation is a question of law, our review of the Muhlenberg Circuit Court's order is *de novo. Commonwealth v. Love*, 334 S.W.3d 92, 93 (Ky.2011).

When interpreting a statute, we must construe the statute according to its plain meaning. KRS 446.080(4). To that end, we construe all non-technical words in accordance with their common meanings and all words which have acquired a peculiar meaning in the law in accord with that meaning. *Id.* General principles of statutory construction require that we must not be guided by a single word or sentence in

a statute, but we must look to the statute as a whole and consider its object and policy. *County of Harlan v. Appalachian Regional Healthcare, Inc.*, 85 S.W.3d 607, 611 (Ky.2002). Moreover, in interpreting a statute, we must ever keep in mind that the purpose of statutory construction "is to give effect to the intent of the legislature." *Id.*

The statute in question, KRS 533.060(3), reads as follows:

> When a person commits an offense *while awaiting trial* for another offense, and is subsequently convicted or enters a plea of guilty to the offense committed while awaiting trial, the sentence imposed for the offense committed while awaiting trial shall not run concurrently with confinement for the offense for which the person is awaiting trial.

(Emphasis added). Williams argues that he was not "awaiting trial" when he committed the offenses in Case No. 07–CR–00059 because he had already been sentenced on the charge contained in the indictment under No. 04–CR–00164. We disagree.

The Kentucky Supreme Court addressed the interpretation of the phrase "awaiting trial" as applied in a case where a guilty plea had been entered in *Cosby v. Commonwealth*, 147 S.W.3d 56 (Ky.2004). In *Cosby*, the Supreme Court found that the phrase "awaiting trial" in KRS 533.060(3) encompassed the time period after a defendant pleads guilty but before he is sentenced. *Id.* at 60. However, *Cosby* did not directly address the issue we are faced with here. Indeed, there are, as of yet, no published cases in the Commonwealth dealing with whether periods of pretrial diversion may be considered periods where one is "awaiting trial." [1]

---

1. The lone case addressing this issue is an unpublished decision by this Court, *Jameson v. Commonwealth*, 2005 WL 387861 (Ky.App. 2005).

KRS 533.060(3) does not specifically address pretrial diversion. Instead, the statute merely prohibits concurrent sentencing where an individual commits an offense while "awaiting trial." *Id.* However, we are guided in our analysis by the Supreme Court's interpretation of KRS 533.060(3) in *Cosby.* In *Cosby,* the Court determined that the legislative intent behind "KRS 533.060(3) was to penalize those persons who perpetrated criminal acts while on release or otherwise awaiting additional court proceedings related to other criminal acts." *Id.*

Turning to the present case, Williams was on pretrial diversion for criminal facilitation to the manufacture of methamphetamine. Had he successfully completed the five-year period of diversion according to the agreement, he would have avoided a felony conviction altogether. KRS 533.258. However, when Williams failed to complete diversion according to the agreement, the diversion agreement was subject to being voided upon motion by the Commonwealth and he was subject to be sentenced in accordance with the guilty plea he entered into as a precondition to receiving pretrial diversion. KRS 533.250; KRS 533.250(1)(f); KRS 533.256.

Because violation of a pretrial diversion agreement may result in the voiding of the agreement, we find that the period of pretrial diversion may essentially be construed as a period "awaiting trial." As the Supreme Court found in *Cosby* that "awaiting sentencing" was essentially tantamount to "awaiting trial," we find that the period of pretrial diversion is also equivalent to "awaiting trial." Indeed, the effect of a court voiding a pretrial diversion agreement is that the diversionary period essentially reverts to a period of presentencing. This construction of the statute comports with the Supreme Court's description of pretrial diversion in

*Flynt v. Commonwealth,* 105 S.W.3d 415 (Ky.2003) as an *"interruption* of prosecution *prior* to final disposition[.]" *Id.* at 424. (Emphasis added).

We also note that this holding is in line with legislative intent, because the purpose of the legislature's enactment of KRS 533.250 as interpreted by the Supreme Court in *Cosby,* was to penalize recidivism during periods of release or while awaiting additional court proceedings. *Cosby,* 147 S.W.3d at 60.

For the forgoing reasons, the mandates of KRS 533.250(3) apply and Williams' sentences must run consecutively. Accordingly, we affirm the judgment of the Muhlenberg Circuit Court.

ALL CONCUR.