RENDERED:  AUGUST 21, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-001122-MR

TROY LITTERAL                                           APPELLANT


|  | APPEAL FROM BOYD CIRCUIT COURT |
|---|---|
| v. | HONORABLE JOHN F. VINCENT, JUDGE |
|  | ACTION NO. 14-CR-00012 |


COMMONWEALTH OF KENTUCKY                      APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  KRAMER, LAMBERT, AND TAYLOR, JUDGES.

LAMBERT, JUDGE:  Troy Litteral appeals from a Boyd Circuit Court order voiding his diversion agreement and sentencing him to five years' imprisonment, to run consecutively to the judgment of conviction rendered in Rowan Circuit Court in 2018.  We affirm.

In 2014, Litteral was indicted for an accrued child support arrearage of $11,162.47. In December of that year, he entered into a pretrial diversion agreement in which he consented to repay the arrearage as well as remain current on his future payments. Court costs were waived, and Litteral's agreed-upon five-year sentence was diverted for five years. Although Litteral was required to pay $186.04 per month beginning January 2015, he made little if any progress toward the arrearage or his newly accrued obligations. In November 2016, the Commonwealth moved to void Litteral's pretrial diversion for failure to comply with its terms.

Over the course of the next few years, the circuit court held a number of hearings and granted as many continuances, mainly at the request of Litteral (for reasons that included completing a substance abuse program and incarceration on unrelated charges). In June 2019, the circuit court ultimately voided Litteral's pretrial diversion, sentenced him to five years' imprisonment (with credit for time served), and ordered the flagrant nonsupport sentence to run consecutively to his sentences totaling six years' confinement under indictment No. 18-CR-00026 in Rowan Circuit Court. This appeal follows.

We begin by citing our standard of review, namely:

> Kentucky Revised Statutes (KRS) 533.256 provides the proper standard courts must apply in determining whether to void a pretrial diversion: "In making a determination as to whether or not a pretrial

diversion agreement should be voided, the court shall use the same criteria as for the revocation of probation, and the defendant shall have the same rights as he or she would if probation revocation was sought." KRS 533.256(2). "An appellate court reviews a trial court's decision to revoke a defendant's probation for an abuse of discretion." *Lucas v. Commonwealth*, 380 S.W.3d 554, 555 (Ky. App. 2012). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

*Price v. Commonwealth*, 534 S.W.3d 805, 806 (Ky. App. 2017).

Litteral argues that the circuit court erred in running the sentences consecutively rather than concurrently. In support of this assertion, Litteral cites KRS 533.040(3), which states:

A sentence of **probation or conditional discharge** shall run concurrently with any federal or state jail, prison, or parole term for another offense to which the defendant is or becomes subject during the period, unless the sentence of probation or conditional discharge is revoked. The revocation shall take place prior to parole under or expiration of the sentence of imprisonment or **within ninety (90) days after the grounds for revocation come to the attention of the Department of Corrections, whichever occurs first**.

(Emphases added.) Litteral likens pretrial diversion revocation to probation revocation and urges that this statute should apply. Thus, he continues, the circuit court erred in ordering consecutive sentences because the 90-day window had expired.

The Commonwealth counters that pretrial diversion is considered "awaiting trial," and, therefore, KRS 533.040(3) is inapplicable. The Commonwealth urges application of KRS 533.060(3), which states: "When a person commits an offense while awaiting trial for another offense, and is subsequently convicted or enters a plea of guilty to the offense committed while awaiting trial, the sentence imposed for the offense committed while awaiting trial **shall not run concurrently** with confinement for the offense for which the person is awaiting trial." (Emphasis added.)

The issue of "awaiting trial" has been addressed in controlling precedent:

> The Kentucky Supreme Court addressed the interpretation of the phrase "awaiting trial" as applied in a case where a guilty plea had been entered in *Cosby v. Commonwealth*, 147 S.W.3d 56 (Ky. 2004). In *Cosby*, the Supreme Court found that the phrase "awaiting trial" in KRS 533.060(3) encompassed the time period after a defendant pleads guilty but before he is sentenced. *Id.* at 60. However, *Cosby* did not directly address the issue we are faced with here. Indeed, there are, as of yet, no published cases in the Commonwealth dealing with whether periods of pretrial diversion may be considered periods where one is "awaiting trial."
>
> . . . .
>
> Because violation of a pretrial diversion agreement may result in the voiding of the agreement, we find that the period of pretrial diversion may essentially be construed as a period "awaiting trial." As the Supreme Court found in *Cosby* that "awaiting sentencing" was

essentially tantamount to "awaiting trial," we find that the period of pretrial diversion is also equivalent to "awaiting trial." Indeed, the effect of a court voiding a pretrial diversion agreement is that the diversionary period essentially reverts to a period of presentencing. This construction of the statute comports with the Supreme Court's description of pretrial diversion in *Flynt v. Commonwealth*, 105 S.W.3d 415 (Ky. 2003) as an "interruption of prosecution prior to final disposition[.]" *Id.* at 424. (Emphasis added).

We also note that this holding is in line with legislative intent, because the purpose of the legislature's enactment of KRS 533.250 as interpreted by the Supreme Court in *Cosby*, was to penalize recidivism during periods of release or while awaiting additional court proceedings. *Cosby*, 147 S.W.3d at 60.

*Williams v. Commonwealth*, 354 S.W.3d 158, 160-61 (Ky. App. 2011) (footnote omitted). Accordingly, the time constraints in KRS 533.040(3) urged by Litteral are inapplicable here, and the circuit court did not err in ordering Litteral's convictions to run consecutively with each other. *Price*, *supra*.

The judgment of the Boyd Circuit Court is affirmed.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Steven Nathan Goens | Daniel Cameron |
| Assistant Public Advocate | Attorney General of Kentucky |
| Department of Public Advocacy | |
| Frankfort, Kentucky | Christopher Henry |
| | Assistant Attorney General |
| | Frankfort, Kentucky |