**Timothy Dewayne LUCAS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2011–CA–001020–MR.

Court of Appeals of Kentucky.

Sept. 21, 2012.

Brandon Neil Jewell, Frankfort, KY, for appellant.

Jack Conway, Attorney General of Kentucky, Jason B. Moore, Assistant Attorney General, Frankfort, KY, for appellee.

Before KELLER, TAYLOR and VANMETER, Judges.

*OPINION*

VANMETER, Judge:

Timothy Dewayne Lucas appeals from the May 9, 2011, order of the Fayette Circuit Court revoking his probation. For the reasons stated herein, we affirm.

In 1996, Lucas was convicted of third-degree rape and sentenced to one-year imprisonment. He was released from custody on August 1, 1996, and was required to register as a sex offender for ten years. Upon his release, Lucas was given a card explaining that his registration period expired August 1, 2006.

In 1998, KRS[1] 17.520, the statute governing sex offender registration, was amended to include a provision which tolls the registration period for sex offenders who are re-incarcerated for another offense. 1998 Ky. Acts. Ch. 606 § 139. Currently, KRS 17.520(4) provides:

If a person required to register under this section is reincarcerated for another offense or as the result of having violated the terms of probation, parole, post-incarceration supervision, or conditional discharge, the registration requirements are tolled during the reincarceration.

The amendment went into effect January 15, 1999, and applied to persons individually sentenced or incarcerated after July 15, 1998. *Hyatt v. Commonwealth*, 72 S.W.3d 566, 570 (Ky.2002).

In 2005, Lucas was re-incarcerated on a flagrant non-support charge. Upon his release on January 29, 2009, Lucas was again given a card indicating that he must register as a sex offender; the card did not include an updated registration expiration date. Later that year, a warrant was issued for Lucas's arrest after he failed to give notice of his change of address to his probation officer. Lucas was subsequently indicted on one count of failure to comply with sex offender registration, second or greater offense, and first-degree persistent felony offender ("PFO"). On May 3, 2010, Lucas entered an unconditional guilty plea to the amended charges of failure to comply with sex offender registration, first

offense, and second-degree PFO. Lucas was sentenced to seven years' imprisonment and placed on probation.

■ Lucas called the Office of Probation and Parole and made an appointment to report his sex offender status on July 14, 2010, yet he failed to report on that date or any date thereafter. As a result, an order was entered revoking Lucas's probation. Lucas now appeals from the order revoking his probation, claiming that retroactive application of the tolling provisions in the 1998 amendment to KRS 17.520 violates the *ex post facto* clause of the United States and Kentucky constitutions. U.S.C.A. Const. Art. I § 10; Ky. Const. § 19. Lucas argues that his conviction of failure to comply with sex offender registration should be deemed void, and therefore, he did not violate his probation. We disagree.

■ An appellate court reviews a trial court's decision to revoke a defendant's probation for an abuse of discretion. *Lucas v. Commonwealth*, 258 S.W.3d 806, 807 (Ky.App.2008) (citations omitted). An abuse of discretion occurs if " 'the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles.' " *Id.* (quoting *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky.1999)). Generally, a decision to revoke a defendant's probation will not constitute an abuse of discretion if evidence exists "to support at least one probation violation." *Lucas*, 258 S.W.3d at 807–08 (citation omitted).

■ In Kentucky, the structure for attacking a criminal conviction is organized and complete. *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky.1983). A defendant must first directly appeal the judgment of conviction, stating every ground of

---

1. Kentucky Revised Statutes.

error of which he or his counsel should be aware. *Id.* If unsuccessful on direct appeal, a defendant is required to avail himself of RCr[2] 11.42 for "all grounds for holding the sentence invalid of which the [defendant] has knowledge." *Id.* After availing himself of RCr 11.42, a defendant may move for post-conviction relief under CR[3] 60.02. *Id.*

Lucas appeals from the trial court's finding that he violated the terms of his probation, arguing that he should not have been convicted and placed on probation in the first place. Yet, an order of probation is separable from a conviction itself. *Weigand v. Commonwealth*, 397 S.W.2d 780, 781 (Ky.1965). The record shows that Lucas was on probation and that he violated the terms of his probation by failing to report to the Office of Probation and Parole on his designated date. As such, the trial court did not abuse its discretion by revoking Lucas's probation, since he violated its terms.

That being said, if Lucas desires to challenge the validity of his underlying conviction, he would be required to follow the organized structure set forth in *Gross.* Under that structure, Lucas first should have filed a direct appeal when he was charged under the indictment, raising all defenses to the charges of which he or his counsel should have been aware. The assertion that the statute should not apply retroactively and that Lucas should not have been required to register should have been known to Lucas or his counsel at the time of the indictment. If Lucas desired to make such an assertion, he should have raised it when the indictment was issued, as opposed to entering a guilty plea. If Lucas had been unsuccessful in challenging the indictment, he then could have entered a conditional guilty plea or otherwise followed the existing structure of filing a motion for relief under RCr 11.42 or CR 60.02. Because he failed to follow the structure for attacking his conviction, we decline to address his claim at this time.

For the foregoing reasons, the order of the Fayette Circuit Court revoking Lucas's probation is affirmed.

ALL CONCUR.

2. Kentucky Rules of Criminal Procedure.

3. Kentucky Rules of Civil Procedure.