**Tony PRICE, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee**

**NO. 2016-CA-001426-MR**

Court of Appeals of Kentucky.

NOVEMBER 9, 2017; 10:00 A.M.

BRIEF FOR APPELLANT: Erin Hoffman Yang, Department of Public Advocacy, Frankfort, Kentucky.

BRIEF FOR APPELLEE: Andy Beshear, Attorney General of Kentucky, Bryan

D. Morrow, Assistant Attorney General, Frankfort, Kentucky.

BEFORE: JONES, J. LAMBERT, AND STUMBO, JUDGES.

## OPINION

LAMBERT, J., JUDGE:

Tony Price appeals from a Jackson Circuit Court order voiding his diversion agreement. After careful review, we vacate and remand for the trial court to enter additional findings.

Between 2007 and 2013, Price accrued a child support arrearage of $22,496.64. After he was indicted for flagrant nonsupport, he entered into a pretrial diversion agreement in which he agreed to repay $31,506.56. Although Price was required to pay $523.10 per month beginning January 2016, he only paid a total of $244.00 for the period between January and August. Thereafter, the Commonwealth moved to void Price's pretrial diversion.

The circuit court held a hearing on the matter on August 2, 2016. Price testified at that hearing. Although he had obtained a construction job when he signed the pretrial diversion agreement, he had lost his job because it required him to have a driver's license. Since June 25, 2016, however, Price had been employed as a painter and had paid a portion of his check toward his child support obligation. The circuit court found that Price could not be managed in the community because he did not abide by the terms of his pretrial diversion agreement. The court voided Price's pre-trial diversion and sentenced him to three years' imprisonment. This appeal follows.

Price makes the following arguments on appeal: (1) the circuit court's finding that he could not be managed in the community was arbitrary; (2) the circuit court failed to consider alternative sanctions; and (3) the circuit court failed to consider his ability to pay before voiding his pretrial diversion agreement. We vacate and remand for the circuit court to enter findings under *Commonwealth v. Andrews*, 448 S.W.3d 773, 781 (Ky. 2014), and *Commonwealth v. Marshall*, 345 S.W.3d 822, 833 (Ky. 2011).

Kentucky Revised Statutes (KRS) 533.256 provides the proper standard courts must apply in determining whether to void a pretrial diversion: "In making a determination as to whether or not a pretrial diversion agreement should be voided, the court shall use the same criteria as for the revocation of probation, and the defendant shall have the same rights as he or she would if probation revocation was sought." KRS 533.256(2). "An appellate court reviews a trial court's decision to revoke a defendant's probation for an abuse of discretion." *Lucas v. Commonwealth*, 380 S.W.3d 554, 555 (Ky. App. 2012). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

First, Price argues that the circuit court abused its discretion under *Andrews*, *supra*, when it voided his pretrial diversion.[1] KRS 439.3106, a part of HB 463

---

1. We believe this issue was properly preserved by counsel's objection to the circuit court's finding that Price could not be managed in the community. However, even if the issue had not been preserved, the trial court's failure to make the statutory findings required by KRS 439.3106(1) constituted palpable error pursuant to Kentucky Rules of Criminal Procedure (RCr) 10.26.

adopted by the legislature in 2011, provides that defendants on probation shall be subject to:

> (1) Violation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community; or

> (2) Sanctions other than revocation and incarceration as appropriate to the severity of the violation behavior, the risk of future criminal behavior by the offender, and the need for, and availability of, interventions which may assist the offender to remain compliant and crime-free in the community.

The Kentucky Supreme Court has explained that "KRS 439.3106(1) requires trial courts to consider whether a probationer's failure to abide by a condition of supervision constitutes a significant risk to prior victims or the community at large, and whether the probationer cannot be managed in the community before probation may be revoked." *Andrews*, 448 S.W.3d at 780. By requiring the trial court to make such a determination, "the legislature furthers the objectives of the graduated sanctions schema to ensure that probationers are not being incarcerated for minor probation violations." *Id.* at 779. The *Andrews* Court also stressed that HB 463 "does not upend the trial court's discretion in matters of probation revocation, provided that discretion is exercised consistent with statutory criteria." *Id.* at 780.

Though the circuit court made a finding that Price cannot be managed in the community, it did not make a finding that he was a significant risk to the community. Circuit courts must make both findings

under KRS 439.3106. *See McClure v. Commonwealth*, 457 S.W.3d 728, 733-34 (Ky. App. 2015). Because the circuit court failed to make findings under both elements of KRS 439.3106(1), we may not review the sufficiency of the evidence for those findings. *See id.* at 733. On remand, the circuit court shall enter findings as to both elements of KRS 439.3106(1). Once the court has fully considered the matter and made findings as to both elements, its analysis should conclude by stating whether voiding the pretrial diversion or a lesser sanction is more appropriate.

Finally, there is one further issue to be considered on remand. Price contends that the circuit court violated his right to due process under the Fourteenth Amendment to the United States Constitution by voiding his pretrial diversion due to his failure to pay child support. Specifically, Price asserts the circuit court failed to make the necessary findings of fact as required by the United States Supreme Court in *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), and as adopted in this Commonwealth by our Supreme Court in *Marshall, supra.* In *Marshall*, the Kentucky Supreme Court concluded that due process requires the circuit court to make the findings of fact when considering a motion to revoke probation for failure to pay child support regarding "(1) whether the probationer made sufficient bona fide attempts to make payments but [has] been unable to do so through no fault of his own and, if so, (2) whether alternatives to imprisonment might suffice to serve interests in punishment and deterrence." 345 S.W.3d at 828. The Commonwealth has conceded that the circuit court erred when it failed to make these findings. We agree that the circuit court did not make the findings of fact under *Marshall, su-*

*pra.* The court should make such findings on remand.

Based on the foregoing, we vacate the Jackson Circuit Court's order voiding Price's pretrial diversion and remand for the circuit court to enter additional findings.

ALL CONCUR.