RENDERED: DECEMBER 23, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0068-MR

GREGORY WITHAM        APPELLANT

|  |  |
|---|---|
| v. | APPEAL FROM LAWRENCE CIRCUIT COURT<br>HONORABLE JOHN DAVID PRESTON, JUDGE<br>ACTION NO. 18-CR-00106 |

COMMONWEALTH OF KENTUCKY        APPELLEE

AND        NO. 2020-CA-0069-MR

GREGORY WITHAM        APPELLANT

|  |  |
|---|---|
| v. | APPEAL FROM LAWRENCE CIRCUIT COURT<br>HONORABLE JOHN DAVID PRESTON, JUDGE<br>ACTION NO. 18-CR-00100 |

COMMONWEALTH OF KENTUCKY        APPELLEE

AND                                    NO. 2020-CA-0070-MR


GREGORY WITHAM                                                    APPELLANT



                        APPEAL FROM LAWRENCE CIRCUIT COURT
v.                      HONORABLE JOHN DAVID PRESTON, JUDGE
                        ACTION NO. 18-CR-00102



COMMONWEALTH OF KENTUCKY                                          APPELLEE



                                OPINION
                       VACATING AND REMANDING

                            ** ** ** ** **

BEFORE:  GOODWINE, MCNEILL, AND L. THOMPSON, JUDGES.

GOODWINE, JUDGE:  Gregory Allen Witham ("Witham") appeals the December

23, 2019 orders of the Lawrence Circuit Court imposing a sentence of ten years'

imprisonment after voiding his pretrial diversion agreement.[1]  After careful review,

we vacate and remand.

---

[1] Witham's pretrial diversion agreement was voided by separate orders of the court on November 15, 2019.  Those orders were not identified in Witham's notices of appeal or attached as appendices to his briefs but were entered into the record.  Record ("R.") at 115-17.

## BACKGROUND

The facts in this matter are uncontested. In 2018, Witham pled guilty to charges in three separate but related criminal cases.[2] In 18-CR-00100, Witham pled guilty to one count of possession of a controlled substance in the first degree[3] and was sentenced to two years' imprisonment. In 18-CR-00102, Witham pled guilty to two counts of receiving stolen property under $10,000.00[4] and was sentenced to five years' imprisonment. In 18-CR-00106, Witham pled guilty to one count of possession of a controlled substance in the first degree, one count of tampering with physical evidence,[5] and one count of resisting arrest.[6] He was sentenced to three years' imprisonment for the possession charge, three years' imprisonment for the tampering charge, and twelve months' imprisonment for resisting arrest, all to be served concurrently for a total of three years' imprisonment. Consistent with his plea agreement, Witham was sentenced to serve

---

[2] The three criminal actions were considered by the circuit court jointly. As the relevant portions of the circuit court records in the three cases are nearly identical, citations in this opinion will be made to the record in 2020-CA-0068-MR.

[3] Kentucky Revised Statutes ("KRS") 218A.1415, a Class D felony.

[4] KRS 514.110, a Class D felony.

[5] KRS 524.100, a Class D felony.

[6] KRS 520.090, a Class A misdemeanor.

the terms in the three cases consecutively for a total of ten years' imprisonment, diverted for five years.

Witham failed to comply with the terms of his pretrial diversion agreement by failing to report to his probation officer, failing to enroll in a rehabilitation program, and failing to pay restitution. Based upon Witham's non-compliance, the parties agreed to a graduated sanction of additional jail time in May 2019. Despite imposition of the graduated sanction, Witham again failed to report to his probation officer. He was also charged with two counts of public intoxication.[7] The Commonwealth then sought to set aside Witham's pretrial diversion agreement.

At the voidance hearing, Witham's probation officer testified Witham had not reported to him in more than a year and had received new misdemeanor charges. Witham presented no witnesses but argued that his new public intoxication charges were indicative of his untreated substance abuse problem and requested to remain in jail until he could enter long-term residential treatment.

In its order setting aside Witham's pretrial diversion agreement, the circuit court made the following findings of fact:

> Considering the evidence as a whole, the [c]ourt
> concludes as a matter of law that [Witham] has violated
> his probation in that he has failed to report to his
> probation officer, has been arrested on two misdemeanor

---

[7] KRS 525.100, a Class B misdemeanor.

charges, and has used controlled substances, which are prohibited to him. Given the history of [Witham's] substance abuse, and the fact that he has completely failed to report to his probation officer in more than a year's time on probation, the [c]ourt concludes that he is a danger to himself and a danger to the public because of his failure to so report. The [c]ourt therefore concludes that [Witham's] pretrial diversion on all three cases should be set aside, and [Witham] sentenced appropriately.

R. at 117. Subsequently, Witham's sentence of ten years' imprisonment was imposed. This appeal followed.

## STANDARD OF REVIEW

Witham's singular argument on appeal is the circuit court abused its discretion by failing to make the findings of fact required by KRS 439.3106(1)(a) when it voided his pretrial diversion agreement. Witham concedes he did not object to the circuit court's failure to make the requisite findings below and now requests review for palpable error.

A palpable error which affects the substantial rights of a party may be considered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error.

RCr[8] 10.26. An error is palpable only where it is "clear or plain under current law[.]" *Commonwealth v. Jones*, 283 S.W.3d 665, 668 (Ky. 2009) (citation omitted).

## ANALYSIS

Under KRS 533.256(2), "[i]n making a determination as to whether or not a pretrial diversion agreement should be voided, the court shall use the same criteria as for the revocation of probation[.]" This can only be read as an "unqualified invocation" of the criteria for revocation of probation in KRS 439.3106. *Richardson v. Commonwealth*, 494 S.W.3d 495, 499 (Ky. App. 2015). Under KRS 439.3106(1)(a), probation can be revoked "for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community[.]" Both of these findings are necessary for a circuit court to set aside a defendant's pretrial diversion agreement. *Compise v. Commonwealth*, 597 S.W.3d 175, 180 (Ky. App. 2020) (citation omitted).

Although Witham's violations of supervision may be sufficient to void his pretrial diversion agreement, the circuit court failed to make the requisite findings under KRS 439.3106(1)(a). Instead, the circuit court simply found that

---

[8] Kentucky Rules of Criminal Procedure.

-6-

Witham was a "danger to himself and a danger to the public" due to his failure to report to his probation officer. R. at 117. Despite the Commonwealth's request to the contrary, we cannot assume the circuit court intended to find Witham to be a significant risk to the community. Furthermore, the circuit court failed to consider whether Witham could be appropriately managed in the community. "Because the circuit court failed to make findings under both elements of KRS 439.3106(1), we may not review the sufficiency of the evidence for those findings." *Price v. Commonwealth*, 534 S.W.3d 805, 807 (Ky. App. 2017) (citation omitted). The circuit court's failure to make the requisite findings under KRS 439.3106(1)(a) constitutes a palpable error. On remand, upon full consideration of KRS 439.3106(1), the circuit court shall make findings as to both statutory elements before concluding whether voiding Witham's pretrial diversion agreement or a lesser sanction is most appropriate.

## CONCLUSION

We vacate the orders of the Lawrence Circuit Court voiding Witham's pretrial diversion agreement and imposing his sentence and remand this matter to the circuit court for additional findings.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Shannon Dupree
Assistant Public Advocate
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Courtney Kay Han
Assistant Attorney General
Frankfort, Kentucky