RENDERED: APRIL 22, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1666-MR

ELIZABETH WEAVER                                    APPELLANT

APPEAL FROM KENTON CIRCUIT COURT
v.     HONORABLE GREGORY M. BARTLETT, JUDGE
ACTION NO. 16-CR-00844

COMMONWEALTH OF KENTUCKY                            APPELLEE

AND

NO. 2020-CA-0196-MR

ELIZABETH WEAVER                                    APPELLANT

APPEAL FROM GRANT CIRCUIT COURT
v.     HONORABLE REBECCA LESLIE KNIGHT, JUDGE
ACTION NO. 16-CR-00064

COMMONWEALTH OF KENTUCKY                            APPELLEE

OPINION
AFFIRMING IN PART, VACATING IN PART,
AND REMANDING

** ** ** ** **

BEFORE: COMBS, LAMBERT, AND K. THOMPSON, JUDGES.

THOMPSON, K., JUDGE: Elizabeth Weaver appeals from the revocation of her probation in two different cases which were consolidated for our review. We affirm the Kenton Circuit Court's order revoking probation as the oral and written findings were sufficient to allow revocation pursuant to Kentucky Revised Statutes (KRS) 439.3106; we vacate and remand the Grant Circuit Court's order revoking probation as that circuit court made insufficient findings, relying entirely on the fact that Weaver's probation was revoked in Kenton Circuit Court to justify its revocation.

In 2016, in Grant County, Weaver was arrested for possession of a controlled substance in the first degree, possession of drug paraphernalia, and tampering with physical evidence. These charges resulted in case number 16-CR-00064 (the Grant case).

Later in 2016, in Kenton County, Weaver was charged with promoting contraband for introducing drugs into the jail. This charge resulted in case number 16-CR-00844 (the Kenton case).

Although the Kenton case was initiated later in time for events that took place after Weaver was charged in the Grant case, the Kenton case was resolved first. In 2017, in the Kenton case, Weaver pled guilty to the charge of promoting contraband in the first degree and was sentenced to four years of incarceration to be served consecutively to any sentence in the Grant case, probated for four years. In 2018, in the Grant case, Weaver pled guilty to the charges of possession of a controlled substance in the first degree, possession of drug paraphernalia, and tampering with physical evidence and was sentenced to a total of five years of incarceration, probated for five years. In both cases, Weaver's conditions of probation required her to report to Probation and Parole and not commit any other offenses.

After Weaver was placed on probation, she asked to have her probation transferred to Ohio. Ohio accepted the transfer and supervised Weaver for the next two years.

In the Kenton case, in January 2019, Probation and Parole apparently filed a violation of supervision report and a warrant for Weaver's arrest was issued in Kentucky. It appears that this violation of supervision report was based upon new offenses Weaver committed. However, the violation of supervision report and accompanying affidavit are missing from the record.

In June 2019, Probation and Parole filed violation of supervision reports in both the Kenton case and in the Grant case. In the Grant case, the violation of supervision report stated that in June 2019, Probation and Parole received notice from Ohio that Weaver had absconded from supervision and that a January 2019 records check had revealed that Weaver was found guilty in April 2019 on two misdemeanors in Grant County: (1) a March 2018 public intoxication offense; and (2) an October 2017 driving under the influence offense. Probation and Parole recommended revocation.

In the Kenton case, the violation of supervision report indicated that it was supplemental to the report filed in January 2019. It quoted from a violation report from Ohio received through the interstate offender tracking system:

> On 5/22/19 this officer spoke with the offender by phone and advised her of the probation violation warrant from Kentucky. She was instructed to turn herself in by 5/24/19 to Kentucky. The offender stated that she would do so. On 5/29/19 a check of warrants and KY Vinelink revealed the PV warrant was still active and the offender was not in custody. On 5/29/19 this officer attempted to contact the offender by phone to no avail and left a voicemail instructing her to turn herself in on KY's warrant. On 6/4/19 this officer along with officers of the Cincinnati Police Department attempted to make contact with the offender at her last known address . . . [in] Cincinnati, OH. No one answered the door and a card was left instructing the offender to report on 6/5/19. The offender failed to report as instructed. On 6/5/19 the offender's boyfriend . . . (and also the homeowner) left a voicemail stating the parole officers were not permitted to be on his property and if it occurs again he would file

criminal trespassing charges. Also, on 6/5/19 the offender sent a text message to this officer stating "I am sorry, My Uncle passed away the Morning I was to come in that Day. Im definitely turning myself in. I don't have a car n I'm stuck." [sic] Based on the offender's failure to report along with her placement sponsor's refusal to allow officers on the property, the offender is an absconder.

Probation and Parole requested revocation.

The revocation of probation hearing was held first in the Kenton case. During the hearing held on September 30, 2019, Weaver stipulated to the violation. The Commonwealth requested revocation while Weaver's counsel requested that the circuit court grant Weaver a sanction. The Commonwealth argued Weaver was a danger to the public because she drove while intoxicated and it appeared she could not be supervised. Weaver's counsel argued Weaver had made an effort, completing a rehab program while on supervision, and that she had a substantial period of compliance before she violated, and was not unable to comply with supervision.

The Grant Circuit Court responded as follows:

Here's the problem in a nutshell. She doesn't report to the people she's supposed to report to, to keep her out of jail. It's that simple. Stay out of jail by reporting to a probation officer. She can't do it. Now she's here for promoting contraband into the Kenton County Jail, a very serious charge. The stipulation to violation, the sentence will be served. . . . Someone almost died from her promoting contraband in the jail.

-5-

Following the hearing, in its written order the Kenton Circuit Court noted that Weaver stipulated that she violated the conditions of her probation and made the following findings of fact:

> The Court finds that the Defendant violated her probation by absconding.
>
> The Court further finds that revocation of probation is required due to the Defendant's failure to comply with the conditions of supervision; such failure constitutes a significant risk to the community at large; and, the Defendant cannot be appropriately managed in the community.

The circuit court then concluded that Weaver violated the conditions of probation and revoked Weaver's probation and sentenced her to serve her four-year sentence consecutively to that in the Grant case.

In the Grant case, a probation revocation hearing was held on October 23, 2019. The Commonwealth attorney told the Grant Circuit Court that he and Weaver's attorney had explained to her she could not continue on probation because she was now a state inmate pursuant to having her probation revoked on the Kenton case. Weaver admitted to the public intoxication and DUI convictions and admitted to absconding since June 2019. After confirming that Weaver was waiving her right to a full hearing and admitting to the violations, the Grant Circuit Court announced: "Now Ms. Weaver, there is nothing else I can do except revoke your probation."

Following the hearing, in its written order the Grant Circuit Court stated as follows:

> The Defendant having stipulated to violations of the conditions of her probation, namely: (1) Receiving New Misdemeanor Conviction – Public Intoxication; (2) Receiving New Misdemeanor Conviction – DUI, Aggravator, 1st Offense; and (3) Absconding Supervision; the Court having found the Defendant's failure to comply with the conditions of supervision constitutes a significant risk to the community at large and the Defendant cannot be appropriately managed in the community, and being otherwise advised,
>
> **IT IS THEREFORE ORDERED AND ADJUDGED** that the Commonwealth's Motion to Revoke Defendant's Probation be and the same is hereby GRANTED.

The circuit court ordered that Weaver serve the balance of her five-year sentence.

In both the Kenton and Grant cases, Weaver argues that although the circuit court orders stated the requisite statutory language required for revocation of probation pursuant to KRS 439.3106, in neither case did the circuit court make the needed factual findings to support its decision. She requests that her cases be reversed for an actual consideration of these factors and on remand that the circuit courts make express findings as to both elements and make a conclusion as to whether revocation or a lesser sanction, such as drug rehabilitation, should be imposed.

The Commonwealth argues that Weaver failed to preserve the error in each revocation proceeding by not seeking factual findings as to each factor and argues reversal is not appropriate under the palpable error standard.

"A decision to revoke probation is reviewed for an abuse of discretion." *Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

As an initial matter, we must first address the Commonwealth's arguments that whatever errors may have taken place, reversal is not appropriate because Weaver's errors are unpreserved because she did not request findings pursuant to KRS 439.3106 and she cannot establish palpable error because any errors do not rise to the level of manifest injustice. We disagree that such a standard precludes relief. As noted in *Walker v. Commonwealth*, 588 S.W.3d 453, 459 (Ky.App. 2019), *Burnett v. Commonwealth*, 538 S.W.3d 322, 324-25 (Ky.App. 2017), and *Lainhart v. Commonwealth*, 534 S.W.3d 234, 238 (Ky.App. 2017), whether the abuse of discretion or palpable error standard of review applies, a failure to make the appropriate findings requires that the decision revoking probation be vacated for the appropriate full consideration of the statutory criteria

and the making of appropriate findings. Of course, if no error took place in making appropriate findings, there is no abuse of discretion.

Previous cases have amply explained the changes to the probation revocation process. *See generally Andrews*, 448 S.W.3d at 777-80; *Helms v. Commonwealth*, 475 S.W.3d 637, 641-45 (Ky.App. 2015) (both discussing the statutory changes and interpretations of these changes by our appellate Courts). It suffices to say that a violation of probation is no longer sufficient in and of itself to justify revocation. As stated in KRS 533.040(2) a court can "determine[] that a defendant violated the conditions of his probation . . . but reinstate[] probation[.]" The consideration of whether upon violation probation should be revoked or reinstated is controlled by KRS 439.3106(1). It states:

> Supervised individuals shall be subject to:
>
> (a) Violation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community; or
>
> (b) Sanctions other than revocation and incarceration as appropriate to the severity of the violation behavior, the risk of future criminal behavior by the offender, and the need for, and availability of, interventions which may assist the offender to remain compliant and crime-free in the community.

*Id.* Accordingly, "[t]here must be proof in the record established by a preponderance of the evidence that a defendant violated the terms of his release and the statutory criteria for revocation has been met." *Helms*, 475 S.W.3d at 645. Both criteria contained in KRS 439.3106(1)(a) must be established. *Andrews*, 448 S.W.3d at 780; *Price v. Commonwealth*, 534 S.W.3d 805, 807 (Ky.App. 2017).

Specific findings of fact addressing the statutory criteria may be either written or oral. *Commonwealth v. Alleman*, 306 S.W.3d 484, 487-88 (Ky. 2010). Appellate courts should "look to both the written and oral findings in conjunction with one another and not separately in a vacuum." *Commonwealth v. Gilmore*, 587 S.W.3d 627, 630 (Ky. 2019).

KRS 439.3106 as interpreted by our case law only requires that the combination of the circuit court's written and oral findings demonstrate that "the court considered all the evidence and the specific requirements of [the statute] before deciding to revoke [the probationer's] probation." *Gilmore*, 587 S.W.3d at 631. If such a decision is made and it is supported by the evidence of record, then no abuse of discretion has occurred. *Id.*

As noted in *Andrews*, 448 S.W.3d at 778, "[c]ertain violations . . . require the probation officer to submit the matter to the trial court without the possibility of imposing graduated sanctions." (Footnote omitted.) Both absconding and DUI are violations of that type. 501 Kentucky Administrative

Regulations (KAR) 6:250 § 2(2)(b)1. and 6. While the circuit court must still consider graduated sanctions after any type of violation, these types of violations generally pose a greater risk to the public and are less amenable to being addressed outside of incarceration.

It is also appropriate for a court to consider the probationer's criminal history as part of its risk assessment. As noted in *Andrews*, 448 S.W.3d at 780, "[w]hile Andrews's criminal history could not be the sole basis for his revocation, it was appropriately considered when assessing the risk posed by his continued probation."

In the Kenton case, there is no question that Weaver violated the terms of her probation as she admitted to absconding and committing DUI and public intoxication. Weaver's violations for absconding and committing DUI are very serious.

The only question is whether the Kenton Circuit Court's oral findings and written findings when combined constitute adequate findings under KRS 439.3106(1). The Kenton Circuit Court orally found that Weaver did not report and could not report and was on probation for a very serious charge; it made written findings that Weaver had violated her probation by absconding, her failure to comply with the conditions of supervision constituted a significant risk to the community, and she could not be appropriately managed in the community. While

best practices would dictate that the Kenton Circuit Court "connect the dots" a little more by explaining how serious absconding is and that absconding and being on probation for a serious charge in combination made Weaver a significant risk to the community and her absconding prevented her from being appropriately managed in the community, we are satisfied that the circuit court did enough to communicate that in accordance with *Gilmore*. Less needed to be said due to the very nature of the absconding charge being found. We are satisfied that the collective findings that the circuit court made were sufficient.

Although the Kenton Circuit Court did not think reinstatement of probation was appropriate, this does not mean that at some future point that shock probation or graduated sanctions might not be appropriate. We urge courts to consider sanctions which may rein in violative behavior without fully revoking probation but recognize whether such an option is appropriate in a given case is within the circuit court's discretion. For example, a new condition placing her in an inpatient program for substance abuse could be appropriate for Weaver in the future. *See* KRS 439.3106(2).

In the Grant case, the situation is very different. In addition to the general arguments made in each case, Weaver also argues that the conclusion that she was not eligible for probation because she was a state inmate was patently

untrue as if probation was continued, pursuant to KRS 533.040(3) she would have to serve it concurrently with her prison sentence.

The Commonwealth argues that Weaver invited the Grant Circuit Court to commit error in not evaluating the factors where her counsel agreed with the Commonwealth that probation was no longer an option, resulting in her affirmative waiver of any error.

In her reply brief, Weaver argues that she did not knowingly relinquish her right to have probation considered in the Grant case and it would be appropriate to consider the ineffective assistance of her counsel in this appeal.

As explained *supra*, a violation of probation does not mean that revocation is required. Weaver is correct that pursuant to KRS 533.040(3), "[a] sentence of probation or conditional discharge shall run concurrently with any federal or state jail, prison, or parole term for another offense to which the defendant is or becomes subject during the period, unless the sentence of probation or conditional discharge is revoked." *See Conrad v. Evridge*, 315 S.W.3d 313, 317-18 (Ky. 2010) (providing an example of a probationer who was incarcerated on new charges whose probation was reinstated with the modification that he would spend the rest of his probation in jail). Additionally, the Commonwealth has all but conceded that the advice Weaver received from her own counsel and the

prosecutor was incorrect and the Grant Circuit Court was not obligated to revoke Weaver's probation just because it was revoked in the Kenton case.

We disagree that Weaver affirmatively waived her rights because her counsel invited the erroneous ruling by the Grant Circuit Court. A misunderstanding of the law is not a product of strategy. Additionally, this error was apparently a joint product of both the prosecution and defense attorney, which influenced what the judge understood could be done. Therefore, this misunderstanding had real consequences as all the evidence suggests that going forward, the Grant Circuit Court did not realize it had the discretion to do anything other than revoke Weaver's probation.

In considering oral and written findings together, we are convinced the Grant Circuit Court, albeit unknowingly, abused its discretion in not considering whether to revoke or reinstate Weaver's probation, failing to make the necessary findings under KRS 439.3106(1)(a) and, instead, simply deciding that what happened in another case controlled the outcome here. The written findings which listed the probation violations and then perfunctorily recited the statutory language cannot negate the Grant Circuit Court's unequivocal oral pronouncement that it had no choice. "Therefore, we hold that under either an abuse of discretion or palpable error standard of review, the circuit court's decisions must be vacated for full consideration of the statutory criteria and the entry of appropriate

-14-

findings[.]" *Walker*, 588 S.W.3d at 459. On remand, a new probation revocation hearing must be held before the Grant Circuit Court at which time counsel may present testimony and make arguments as to why Weaver's probation, despite her admitted violations, should not be revoked.

Accordingly, as to these orders revoking Weaver's probation, we affirm the Kenton Circuit Court's order, and vacate and remand the Grant Circuit Court's order.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Aaron Reed Baker
Frankfort, Kentucky

BRIEFS FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Emily Bedelle Lucas
Assistant Attorney General
Frankfort, Kentucky