RENDERED: JULY 8, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0901-MR

TIMOTHY FROMICH                                                                    APPELLANT

v.          APPEAL FROM JEFFERSON CIRCUIT COURT
            HONORABLE SUSAN SCHULTZ GIBSON, JUDGE
            ACTION NO. 15-CR-001976

COMMONWEALTH OF KENTUCKY                                         APPELLEE

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE: CALDWELL, GOODWINE, AND JONES, JUDGES.

GOODWINE, JUDGE: Timothy Fromich ("Fromich") appeals from a Jefferson

Circuit Court order voiding his pretrial diversion agreement. After careful review,

we vacate and remand for the circuit court to enter additional findings of fact

required by KRS[1] 439.3106(1).

---

[1] Kentucky Revised Statutes.

On July 24, 2015, Fromich was indicted on one count of flagrant nonsupport.[2] He pled guilty on May 17, 2016, and the circuit court entered an order granting pretrial diversion. The order required Fromich to "pay restitution of child support arrearage in sum of $3.83 (and current child support of $177.32) weekly . . . until all arrearage is paid in full or until further order of the court." Record ("R.") at 54. In exchange for his guilty plea, the Commonwealth recommended a three-year sentence of imprisonment probated for five years in the event Fromich failed to complete the terms and conditions of the diversion agreement.

Fromich fell behind on payments, and the Commonwealth filed three separate motions to revoke over the course of Fromich's diversion. When the Commonwealth filed the first motion to revoke in September 2016, Fromich stipulated to his failure to make consistent payments, made some payments, and set up a wage assignment. The circuit court remanded the motion for future consideration if he did not keep up the payments. In May 2018, the Commonwealth filed a separate motion to revoke. At the hearing, the Commonwealth agreed $180 was a high weekly payment, so the circuit court remanded the motion after Fromich stipulated to the facts, made regular payments, and agreed to file a motion to lower his payments.

---

[2] KRS 530.050 (Class D felony).

In November 2019, the Commonwealth filed a third motion to revoke. At the initial hearing, Fromich stated he lost his job and was unable to afford counsel. The court appointed him counsel and continued the case. At the new hearing, counsel reported Fromich applied for disability benefits and expected to obtain documentation of his inability to work at his next doctor's appointment. The court continued the proceedings again. At the third hearing on the motion, counsel presented a note from Fromich's physician stating "[h]e has ongoing chronic neck pain that limits his range of motion and functionality" and that he "would benefit from being on disability." R. at 116. The physician did not attend the hearing. The circuit court found the statement did not show Fromich was unable to work. At the conclusion of the hearing, the circuit court voided Fromich's diversion and entered a judgment of conviction of flagrant nonsupport. The circuit court also granted probation on the condition that Fromich would pay child support.

On March 5, 2021, the circuit court entered a written order stating the Commonwealth filed several "motions to revoke over the course of [Fromich's] diversion. Each time, [Fromich] . . . made enough payments to satisfy the Commonwealth that [he] would continue in substantial compliance. The payments did not continue." R. at 117. Although Fromich satisfactorily reported to his probation officer and committed no new offenses, the circuit court found it had

"the inherent power to enforce its own orders, and the primary order in [Fromich's] case is that he make timely child support payments." *Id.* Additionally, Fromich failed to present sufficient evidence that he was unable to work. The doctor's note Fromich presented stated he was "in treatment for chronic neck pain" and "would benefit from being on disability." *Id.* The circuit court also noted Fromich applied for disability three months before his diversion was rescinded. The circuit court concluded Fromich had "not been diligent about either paying his child support, or pursuing the ability to obtain disability funds." R. at 118. Thus, the court revoked Fromich's pretrial diversion.

The circuit court entered a final judgment and sentence on June 9, 2021. This appeal followed.

On appeal, Fromich argues the circuit court abused its discretion in voiding his pretrial diversion without making required findings of fact. In determining whether to void a pretrial diversion, the circuit court "shall use the same criteria as for the revocation of probation, and the defendant shall have the same rights as he or she would if probation revocation was sought." KRS 533.256(2). On appeal, we review the circuit court's "decision to revoke a defendant's probation for an abuse of discretion." *Lucas v. Commonwealth*, 380 S.W.3d 554, 555 (Ky. App. 2012). "The test for abuse of discretion is whether the

trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

For a circuit court to void a defendant's pretrial diversion, it must apply the criteria for revoking probation under KRS 439.3106(1). "KRS 439.3106(1) requires trial courts to consider whether a probationer's failure to abide by a condition of supervision constitutes a significant risk to prior victims or the community at large, and whether the probationer cannot be managed in the community before probation may be revoked." *Commonwealth v. Andrews*, 448 S.W.3d 773, 780 (Ky. 2014).

In *Price v. Commonwealth*, 534 S.W.3d 805 (Ky. App. 2017), this Court addressed application of KRS 439.3106 to a voided pretrial diversion. "Though the circuit court made a finding that Price cannot be managed in the community, it did not make a finding that he was a significant risk to the community. Circuit courts must make both findings under KRS 439.3106." *Id.* at 807. Thus, this Court vacated the circuit court's order and remanded the case. This Court instructed the circuit court to "enter findings as to both elements" of the statute and then conclude its analysis by "stating whether voiding the pretrial diversion or a lesser sanction [was] more appropriate." *Id.*

Here, the circuit court made no findings as to whether Fromich's failure to pay child support satisfied the two requirements of KRS 439.3106.

-5-

Instead, the circuit court merely found Fromich failed to pay child support, and the court has the inherent power to enforce its own orders. As in *Price*, we cannot "review the sufficiency of the evidence for those findings" when the circuit court does not include them in the order voiding pretrial diversion. 534 S.W.3d at 807.

For the foregoing reasons, we vacate the order of the Jefferson Circuit Court and remand with instructions for the circuit court to make the required findings under KRS 439.3106(1).

CALDWELL, JUDGE, CONCURS.

JONES, JUDGE, DISSENTS AND DOES NOT FILE SEPARATE OPINION.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Yvette De La Guardia<br>Louisville, Kentucky | Daniel Cameron<br>Attorney General of Kentucky |
| | Perry T. Ryan<br>Assistant Attorney General<br>Frankfort, Kentucky |