RENDERED:  DECEMBER 5, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0014-MR

HEATHER MILLS                                                   APPELLANT

v.
APPEAL FROM HENRY CIRCUIT COURT
HONORABLE JERRY CROSBY, II, JUDGE
ACTION NO. 20-CR-00018

COMMONWEALTH OF KENTUCKY                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, A. JONES, AND TAYLOR, JUDGES.

CETRULO, JUDGE:  Heather Mills ("Mills"), *pro se*, appeals the order of the

Henry Circuit Court denying her motion for relief under Kentucky Rule of Civil

Procedure ("CR") 60.02.  After reviewing the briefs and record, we affirm the

circuit court's order.

**FACTS & PROCEDURAL BACKGROUND**

In 2020, a Henry County grand jury returned an indictment against Mills charging her with one count of murder, five counts of assault in the first-degree, and one count of assault in the second-degree. Based on charges stemming from her arrest on the indictment, Mills faced a second felony case for one count of possession of a controlled substance in the first-degree ("PCS 1st"), three counts of endangering the welfare of a minor, and one count of possession of drug paraphernalia.

Prior to any jury trial, Mills and the Commonwealth participated in felony mediation and reached a negotiated resolution. In August 2022, the Henry Circuit Court sentenced Mills in accordance with the plea agreement as follows: 18 years of incarceration on the amended charge of manslaughter in the first-degree; ten years of incarceration on the amended charges of assault in the second-degree; and ten years of incarceration on the remaining assault in the second-degree. The sentence on the six assault counts were ordered to be served concurrently with each other but consecutively to the manslaughter count, for a total of 28 years of incarceration. Regarding the PCS 1st case, the circuit court sentenced Mills to two years of incarceration to be served consecutively to the manslaughter case, for a total of 30 years of incarceration.

In June 2024, Mills filed a *pro se* motion under CR 60.02 alleging ineffective assistance of defense counsel and seeking relief from her final judgment. Mills based her ineffective assistance claims on defense counsel's alleged failure to present a defense, "specifically failing to present mitigation evidence during the penalty phase of trial." For relief, she requested the circuit court amend the manslaughter count to a lesser offense with a reduced parole eligibility. The Commonwealth filed its response in opposition, and in September 2024, the circuit court denied Mills' motion and provided three grounds for doing so.

First, the circuit court noted that Mills accepted a plea offer in lieu of going to trial. Therefore, her claim of defense counsel's ineffectiveness based on a failure to present mitigating evidence *at the penalty phase of trial* must fail. Second, the circuit court found Mills' CR 60.02 motion to be procedurally improper given this Court's opinion in *Lucas v. Commonwealth*, 380 S.W.3d 554 (Ky. App. 2012), outlining the procedural order in which a defendant may attack a final judgment or conviction. Noting that Mills had not filed a motion under Kentucky Rule of Criminal Procedure ("RCr") 11.42 nor sought any other remedy by appeal, her ineffective assistance claim was procedurally barred. Finally, the circuit court pointed out that it was without jurisdiction to amend an indictment,

except as provided for in RCr 6.16, and thereby, lacked any authority to grant her requested relief. It is from this order that Mills appeals.[1]

## ANALYSIS

A trial court's denial of a CR 60.02 motion is reviewed for abuse of discretion. *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014) (citing *Brown v. Commonwealth*, 932 S.W.2d 359, 361 (Ky. 1996)). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Id.* (citing *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)). "Therefore, we will affirm the lower court's decision unless there is a showing of some 'flagrant miscarriage of justice.'" *Id.* (quoting *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983)).

---

[1] On appeal, Mills raises additional arguments, in addition to her ineffective assistance of counsel claim: (1) that the circuit court erred in suppressing potentially exculpatory material under *Brady v. Maryland*, 373 U.S. 83 (1963); (2) that the circuit court abused its discretion by not recusing from the case; and (3) that the doctrine of cumulative error mandates reversal. Not one of these arguments was presented to the circuit court by Mills' CR 60.02 motion and accordingly, are not properly before this Court. *See Applegate v. Commonwealth*, 577 S.W.3d 83, 88 (Ky. App. 2018) ("The time to make these arguments was in the trial court. It is axiomatic that a party may not 'feed one can of worms to the trial judge and another to the appellate court.' As the trial court was not presented these additional arguments, nor given the opportunity to rule thereon, we shall not consider them for the first time on appeal." (quoting *Kennedy v. Commonwealth*, 544 S.W.2d 219, 222 (Ky. 1976), *overruled on other grounds by Wilburn v. Commonwealth*, 312 S.W.3d 321, 327 (Ky. 2010))). Moreover, even *pro se* appellants are not exempt from complying with the Kentucky Rules of Appellate Procedure. *See, e.g.*, *Hamilton v. Milbry*, 676 S.W.3d 42, 44 (Ky. App. 2023) (finding *pro se* appellant from domestic violence order not excused from compliance with Kentucky Rules of Appellate Procedure).

In outlining the differences between RCr 11.42 and CR 60.02, our Supreme Court noted that "[t]he structure provided in Kentucky for attacking the final judgment of a trial court in a criminal case is not haphazard and overlapping, but is organized and complete. That structure is set out in the rules related to direct appeals, in RCr 11.42, and *thereafter* in CR 60.02." *Gross*, 648 S.W.2d at 856. Over a decade later, our Supreme Court observed that "[a] defendant who is in custody under sentence . . . is required to avail himself of RCr 11.42 as to any ground of which he is aware, or should be aware, during the period when the remedy is available to him[,]" and summarized that "CR 60.02 is not a separate avenue of appeal to be pursued in addition to other remedies, but is available only to raise issues which cannot be raised in other proceedings." *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997). In *Meece v. Commonwealth*, our Supreme Court once again reiterated the proper procedure for a criminal defendant to challenge a final judgment:

> CR[] 60.02 is *not* intended to provide relief for grounds that could be attacked through direct appeals or collateral motions such as grounds under RCr 11.42. "[CR 60.02] is for relief that is not available by direct appeal and not available under RCr 11.42." This Court has required that "a defendant aggrieved by a judgment in a criminal case" must first "directly appeal that judgment, stating every ground of error which it is reasonable to expect that he or his counsel is aware of when the appeal is taken." Then, the "defendant is required to avail himself of RCr 11.42 . . . as to any ground of which he is aware, or should be aware . . .". Only after these avenues are exhausted can

-5-

a defendant claim grounds for CR 60.02 relief. And the defendant cannot raise the same grounds as those for which he claimed, or should have claimed, relief on direct appeal or pursuant to RCr 11.42.

*Meece*, 529 S.W.3d 281, 285 (Ky. 2017) (alteration in original) (citations omitted) (quoting *Gross*, 648 S.W.2d at 856-57).

As this discussion illustrates, the Kentucky Supreme Court has repeatedly delineated the differences between RCr 11.42 and CR 60.02 and charted the proper progression for challenges on appeal. In the present case, the circuit court's order is consistent with this precedent.[2] Indeed, one of the reasons the circuit court provided for denying Mills' CR 60.02 motion was that her ineffective assistance of counsel argument was the type of argument appropriately brought by an RCr 11.42 motion. *See Furnish v. Commonwealth*, 95 S.W.3d 34, 52 (Ky. 2002) ("This court has held as a general rule that claims of ineffective assistance are not properly raised on direct appeal, but rather must proceed by way of a post-trial motion under RCr 11.42 to allow the trial court the opportunity to review the issues." (citing *Humphrey v. Commonwealth*, 962 S.W.2d 870, 872 (Ky. 1998)). Mills did not file a direct appeal nor any RCr 11.42 motion prior to filing her CR 60.02 motion. Moreover, Mills' CR 60.02 motion was filed in June 2024, within

---

[2] *See* Kentucky Supreme Court Rule 1.040(5) ("On all questions of law the circuit . . . courts are bound by and shall follow applicable precedents established in the opinions of the Supreme Court and its predecessor court and, when there are no such precedents, those established in the opinions of the Court of Appeals.").

the timeframe for pursuing relief under RCr 11.42. *See* RCr 11.42(10) (providing that an RCr 11.42 motion shall be filed within three years after the judgment becomes final, subject to specified exceptions). Our Supreme Court has made clear that one may not seek or obtain relief pursuant to CR 60.02 prior to exhausting the avenues of relief available by direct appeal and RCr 11.42. *See Meece*, 529 S.W.3d at 285-86.

Further arguments made by the parties that are not addressed herein have been determined to lack merit or relevancy to the resolution of this appeal.

**CONCLUSION**

The Henry Circuit Court's denial of Mills' CR 60.02 motion was consistent with binding precedent and was not an abuse of discretion. Accordingly, we AFFIRM.

ALL CONCUR.

BRIEF FOR APPELLANT:

Heather Mills, *pro se*
Pewee Valley, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Stephanie L. McKeehan
Assistant Attorney General
Frankfort, Kentucky